### SMITH et al. v. HUTCHINS et al.

### No. 3828.

Court of Civil Appeals of Texas. El Paso. May 18, 1939.

Rehearing Denied June 8, 1939.

Wm. Greene and Tom N. Cope, both of Atlanta, for plaintiffs in error.

Bartlett & Patman and Rob't. F. Salmon, all of Linden, for defendants in error.

HIGGINS, Justice.

This is a suit by Gerald L. Smith, Mrs. Aliene Skinner, Charles L. Hutchins and their respective spouses against W. Minor Hutchins and G. H. Vaughn to reform a deed dated May 21, 1936, executed by plaintiffs as grantors in favor of W. Minor Hutchins. Vaughn claims a mineral interest in the land under W. Minor Hutch-ins. The deed in question is alleged by plaintiffs to be ambiguous and uncertain as to what was intended to be conveyed, and it was sought to have it reformed so as to express and make certain the real intention of the parties.

The case was tried without a jury and judgment rendered in favor of the defendants. Separate findings were not filed by the trial Court, but the judgment recites that the Court "finds that it was the intention of the aforenamed plaintiffs at the time they executed the deed in question to convey to Minor Hutchins one-half of the oil, gas and leasehold rights of all land they owned then unleased, said oil, gas and leasehold rights being undivided, and to convey to said Minor Hutchins an undivided 9-acre royalty interest in and to the 178 acres of land described in plain-tiffs' petition."

The deed is ambiguous and uncertain in its meaning. The question at issue is to ascertain the intention of the parties and such intention carried into effect.

It was the theory of the plaintiffs that the intention of all parties to the deed was to convey an undivided one-half or nine acres out of the eighteen acres lying on the west side of the 178-acre tract then unleased and referred to in the quoted recital in the judgment. On the other hand, the defendants' theory of the intention of the parties was as found by the trial Court.

Plaintiffs in error present three propositions which may be briefly stated as follows:

The evidence is insufficient to support the judgment because: (1) there is no evidence that any land was to be affected by the deed except the eighteen acres mentioned, which at that time was not under lease; (2) the deed was prepared by an attorney for W. Minor Hutchins and there-fore should be most strongly construed in favor of grantors; and (3) the only disinterested witness, A. E. Fenter, testified he understood the eighteen acres of excess to be on the west side of the 178-acre tract.

■ The testimony of the defendant Hutchins and his witnesses, Patman, Bartlett and Fenter, fully supports the finding of fact contained in the judgment quoted above and the judgment based upon such finding. It would serve no purpose to quote same.

■ The second proposition presents no ground for reversal. It may be conceded

the deed should be construed most strongly in favor of grantors, but that does not destroy the probative force of the testimony of defendant and the other witnesses above mentioned which supports the finding and judgment of the Court upon the question at issue in the case.

The portion of Fenter's testimony referred to in the third proposition is unimportant. The location of the eighteen acres was not in issue. It was regarded by all parties as being on the west side of the 178-acre tract.

Affirmed.