Joan R. Cobb SIMPSON, Appellant,

v.

Orrin D. WILLIAMS et ux., Appellees.

No. 12793.

Court of Civil Appeals of Texas, Austin.

Dec. 6, 1978.

Dale E. Muller, Austin, for appellant.

Benjamin J. Cuba, Temple, for appellees.

PHILLIPS, Chief Justice.

Appellant brought suit for specific performance of an option contract alleging that she had complied with the terms of the contract but that appellees refused to convey certain property to her. Alternatively, she sought reformation of the contract due to mutual mistake.

Pursuant to trial before a jury which returned findings adverse to appellant, the trial court entered judgment that appellant take nothing by her suit.

We affirm that judgment.

In October of 1971, appellant entered into a contract with appellees to buy a house and approximately seven acres of land in Bell County. In consideration for an increase in the purchase price, appellees made the October 25 earnest money contract subject to appellant obtaining an option to buy an additional fourteen acres of land adjacent to the seven acres that went with the house. The earnest money contract provided that the option would contain an expiration date of November 1, 1976.

On December 16, 1971, the parties closed the transaction as to the house and the seven acres and also executed a document, prepared by appellees' attorney, entitled "Option to Purchase Real Property." This option was drafted with an expiration date of August 31, 1976. Appellant contends that both parties were unaware of the change in the expiration date of the option, and executed the agreement without discovering the mistake.

Appellant contends that in July of 1976 she decided to exercise the option and, at that time, on reading the contract, she discovered that the expiration date had been changed. She testified that on August 27, 1976, she wrote a letter accepting the option, addressed it to appellees, and posted it in the mail with proper postage. At the same time, according to her version of the facts, she sent a copy of the letter to an attorney, Mr. Ted Potter. Appellees maintain that they never received the letter. After waiting a few days, appellant mailed another acceptance letter on September 7, 1976. Although it is undisputed appellees received the latter notification, they refused to honor it because it was untimely.

Appellant is before this Court on several points of error, the first being the alleged error of the court in overruling appellant's motion for judgment notwithstanding the verdict, because the evidence proves conclusively that there was a mutual mistake concerning the option agreement's expiration date.

The jury found that appellant did not give written notice on August 27, 1976, as required by the option. Next, the jury found that the parties thereto had not agreed that the expiration date should have been November 1, 1976. The final issue as to mutual mistake was not answered by the jury, as it was conditioned upon an affirmative answer to the second issue stated immediately above.

In order for this Court to reform the contract as sought by appellant based upon mistake, there must be clear, exact and satisfactory proof that the mistake was mutual. *Pegues v. Dilworth*, 134 Tex. 169, 132 S.W.2d 582 (1939). We are faced with a strong presumption in favor of the instrument as written and we must look at the evidence very carefully before we change the contents of the written instrument and overturn the jury's finding. *Carson v. White*, 456 S.W.2d 212 (Tex.Civ.App.1970,

writ ref'd n. r. e.). The requirement of clear and convincing proof of a mutual mistake is not negated by the fact that appellee's attorney drafted the option contract. This has some bearing on the question whether appellant proved mutual mistake but is not decisive. *Smith v. Hutchins,* 129 S.W.2d 1200 (Tex.Civ.App.1939, writ dism'd jdgmt. cor.).

 Although appellees' testimony concerning their intent as to the terms of the option contract was somewhat confusing and inconsistent, this merely created a question of fact for the jury. See *Biggers v. Continental Bus System, Inc.,* 157 Tex. 351, 303 S.W.2d 359 (1957); 62 Tex.Jur.2d *Witnesses* § 371 (1965). There was testimony by both appellees that supports the jury's finding.

Mr. Williams stated on examination that the option contract represented the agreement with appellant. Mrs. Williams gave an affirmative answer to the question whether the option contract is the same document she intended to sign. Both appellees denied finding any mistakes in the option contract. As a result, we hold that the jury finding that the parties did not intend November 1 as the expiration date for the option contract is not against the great weight and preponderance of the evidence.

We also hold, in response to appellant's second point of error, that the finding of the jury that notice of the exercise of the option was not timely mailed is not against the great weight and preponderance of the evidence. There is conflicting testimony as to whether notice was mailed by August 31, 1976. Appellees contend the only letter they received from appellant was dated September 7, and that they did not receive a letter dated August 27. They also testified that they had had no difficulty receiving mail.

Appellant contends that notice was mailed August 27. Her testimony was supported by attorney Potter who had represented appellant in a previous matter involving a foreclosure by appellees and who was, at the time of trial, a tenant of appellant. He testified that he received a copy of the August 27 letter on approximately August 30 or 31. According to appellant, Potter's copy of the letter was mailed at the same time as the letter to appellees.

Again, it is up to the jury to determine the credibility of conflicting witnesses. It is important to note that appellant contradicted herself during the testimony as to whether she or her husband placed the August 27 letter in the mail. The applicable rule provides that "proof of nonarrival ordinarily constitutes some evidence that a letter was not mailed." *Sudduth v. Commonwealth County Mutual Insurance Co.,* 454 S.W.2d 196, 198 (Tex.1970); accord, *Hensley v. Lubbock National Bank,* 561 S.W.2d 885 (Tex.Civ.App.1978, no writ); *Western Fire Insurance Co. v. Reyna,* 495 S.W.2d 57 (Tex. Civ.App.1973, writ ref'd n. r. e.); *Cooper v. Hall,* 489 S.W.2d 409 (Tex.Civ.App.1972, writ ref'd n. r. e.).

The judgment of the trial court is in all things affirmed.