**COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, Appellant,**

v.

**Fidel Gonzalez RIOS et al., Appellees.**

No. 8174.

Court of Civil Appeals of Texas, Amarillo.

Nov. 1, 1971.

———◆———

Shafer, Gilliland, Davis, Bunton & McCollum, Ray Stoker, Jr., Odessa, for appellant.

Vernon A. Townes, Denver City, for appellees.

JOY, Justice.

This is a suit on an automobile insurance policy. Trial was to the court without a jury and from judgment for plaintiff, the defendant has taken this appeal. Affirmed.

The parties are here referred to as they appeared in the trial court. Plaintiff purchased an automobile insurance policy from defendant on March 15, 1970, and thereafter made additional premium payments on April 8, 1970 and May 5, 1970. Plaintiff was involved in an automobile accident on May 22, 1970. Defendant contended that notice of cancellation of the policy on grounds of unacceptable risk had been mailed to plaintiff on May 5, 1970. The notice provided for cancellation at the end of ten days from the date thereof. Plaintiff testified that the cancellation notice was never received by him.

The sole question for determination is whether or not the policy was effectively cancelled prior to the accident of May 22, 1970. The trial court, upon request by defendant, made and filed its findings of fact and conclusions of law. The defendant has here attacked the findings on no evidence, insufficient evidence, and against the great weight and preponderance of the evidence points of error.

The evidence reflects that the plaintiff gave the defendant his correct home address and same was never changed. However, plaintiff's employment took him away from home from five to six days per week during the pertinent period of time here involved and the record reflects that plaintiff's wife signed a receipt for certified mail for plaintiff on one occasion and on another a neighbor, Cruz Salazar, signed for plaintiff. These two pieces of mail were refunds of premium payments made to plaintiff by the policy selling agency on dates subsequent to the May 22 accident date. Employees of the agency had no independent recollection of the notice of cancellation, but testified as to the usual and customary procedure in such matters. Admittedly, the mailing of cancellation notice was not certified or registered but regular mail, therefore, no return receipt was available. The policy provided that the mailing of notice (of cancellation) would be sufficient proof of notice. Defendant's employees testified that a letter was mailed to plaintiff on May 5, 1970, which, as reflected by their

file, was a cancellation notice. However, on cross-examination, the employees admitted that they had no independent recollection and could not be sure that the envelope mailed contained the cancellation notice and could have been an empty envelope. A certificate of mailing, Postal Form 3817, in the possession of the defendant's agent, reflected that a mailing was made on the date of May 5, 1970, to the plaintiff at his residence address. However, as heretofore stated, the plaintiff testified that he never received the notice of cancellation.

The trial court found "from a preponderance of the evidence . . . that defendant did not mail a notice of cancellation as required by the terms of the policy prior to the collision." Further, the court found that the evidence was sufficient to raise an issue as to whether or not the policy was cancelled in accordance with the policy terms. The defendant attacks these findings on no evidence, insufficiency and against the great weight and preponderance of the evidence points. Viewing only the evidence favorable to the findings, we overrule the no evidence point. Although Sudduth v. Commonwealth County Mutual Insurance Company, 454 S.W. 2d 196 (Tex.Sup.1970) was a summary judgment case, we think the language therein applies to the case here. At page 197, the court stated:

"We thus have a case in which the controlling issue is whether notice of cancellation was mailed on April 11 and the record contains affirmative proof of mailing on that date. Defendant insists that in these circumstances, proof that the notice was not received is insufficient in law to raise an issue of fact. We do not agree. . . . ."

The court further quotes from 9 Wigmore on Evidence, 3rd Ed. 1940, § 2519, and the rule apparently is that in the event the insured introduces evidence of non-receipt of notice of cancellation and the insurer presents evidence of mailing of notice, then no presumption in law prevails in either direction and a fact issue is presented for determination by the trier of the facts. This is especially true in fact situations, such as we have in this cause, wherein the witnesses for the insurer have no independent recollection and no direct evidence that insured did receive the notice such as a signed receipt as required by certified or registered mail. See also Beacon National Insurance Company v. Young, 448 S.W.2d 812 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.). In reviewing all the evidence, we overrule the insufficient evidence and great weight and preponderance of the evidence points of error.

The judgment of the trial court is affirmed.