**James H. HOOPER et al., Appellants,**

**v.**

**RANGER COUNTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 8089.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 28, 1972.

John Cely, Maroney & Cely, Lufkin, for appellants.

Rex Nichols, Ritter, Nichols & Thibodeaux, Longview, for appellee.

DAVIS, Justice.

Plaintiffs-appellants, James H. Hooper and Bessie Lomax, sued defendant-appellee, Ranger County Mutual Insurance Company, under an alleged self-employment insurance provision in an insurance policy that was supposed to have been issued to appellant Hooper on an application and warranty for automobile insurance that was made to the appellee and was received by it on August 16, 1968. Appellant Hooper paid the agent of the appellee $20.00 at the time he made the application and thereafter he mailed to the appellee $20.00 by a Post Office Money Order. Appellant Hooper never did receive the insurance policy. On September 26, 1968, he was on his way home from work and was involved in an automobile collision with an Uninsured Motorist. At the time of the collision, Leon Lomax was in the automobile with appellant Hooper. Leon Lomax died as a result of the collision. Appellants filed suit for their damages under the Uninsured Motorist provision.

Appellee filed a motion for summary judgment in which they alleged that appellant Hooper made false representation to them about having prior accidents in which he was involved. The Trial Court granted the summary judgment. Appellants have perfected their appeal and bring forward six points of error.

By their first two points of error, appellants say the Trial Court erred in rendering summary judgment for the appellee because there was a genuine issue of material fact as to whether or not appellants were covered by a policy of insurance at the time of the collision made the basis of plaintiffs' suit, and in rendering summary judgment in favor of appellee because there was on file the depositions of appellants and an affidavit of the agent which created a material fact issue to be submitted to the jury. Appellee made an application for a Request for Information to the Department of Public Safety, Accounting Control Accident Listing and the means involved for a list of the violations that had been committed by appellant Hooper. The Department of Public Safety listed four accidents but there was no sign of any violations. By a square with two X'x enclosed follows the words "Sum total accident and violation records. Itemized for immediate past three years. Fee 50¢." The Department of Public Safety listed the four accidents but they did not list any violation.

In the affidavit of Lonnie B. Kellum, an agent for appellee, he made the following statement:

"I sold to Mr. Hooper a policy of insurance with Ranger County Mutual Insurance Company. The policy provided for Uninsured Motorists insurance, sometimes called Family Protection under the terms of the policy of insurance. This insurance provided $10,000.00 of insurance for any insured under the policy up to a limit of $20,000.00 for Bodily Injuries sustained as a result of Bodily Injury received by the Insured as that term would usually be defined in automobile insurance policies. I filled out the application for insurance which Mr. Hooper signed and accepted his money, I believe the amount was $20.00 as a down payment on the policy. The money was accepted and turned in to Ranger County Mutual Insurance Company. The amount was more than the amount necessary to just obtain binder coverage only."

The agent further swore that in the application where accidents are listed he put "None" because Mr. Hooper had had no

accidents in which he was at fault. He further swore *"that this is what that part of the policy meant."* (Emphasis added.) The agent further swore that after the application was signed, the $20.00 down payment was received and sent to the appellee, he never did receive any information or communication from the appellee that a policy of insurance would not be issued.

We must remember that appellee still has the $40.00 that was paid on the insurance policy and the appellee never did notify anybody, the agent or appellant Hooper, by mailing a letter, telephone call, telegram or otherwise that they would not issue the policy. There was ample evidence raised by the depositions and the affidavit of appellee's agent Kellum, that the appellants received the injuries and damages that they alleged in their petition. Appellants candidly take the position that a policy of insurance was issued but was not delivered. This position creates a material issue of fact. Whether or not the insurance policy had been issued, there was an oral contract of insurance that was binding on the appellee under Art. 21.02, Insurance Code of the State of Texas, V.A.T.S. See the cases cited thereunder. Export Insurance Company v. Herrera, Tex.Civ.App., 1968, 426 S.W.2d 895, w. r. n. r. e. Under the record in the case, the application as signed by appellant Hooper, and in the absence of a waiver signed by Hooper, the insurance coverage would be automatic pursuant to statute. Art. 5.06, Insurance Code of the State of Texas. This, too, creates a material issue of fact. Therefore, the policy period applied from August 15, 1968, to August 15, 1969. Points of Error one and two are sustained.

By Points three through six, appellants say the Trial Court erred because there were material fact issues raised because of the depositions and affidavit that they were covered by the Binder, or temporary insurance, at the time of the collision, that appellee was negligent in failing to notify appellant Hooper that no policy of insur-

ance would be issued, that appellee was negligent in failing to notify appellant that it would not issue a policy of insurance, and that appellee is estopped to deny insurance coverage at the time of the collision made the basis of this suit. Appellants have submitted an excellent brief. They have argued the law. Appellants' case is well pled. They have created many issues of material fact to be submitted to the jury. Commercial Union Insurance Co. of N. Y. v. Rios, Tex.Civ.App., 1971, 473 S.W.2d 958. We must view the record in the light most favorable to the losing party in a summary judgment case. It would do little good to discuss all these facts in this opinion. Points three through six are sustained.

The judgment of the Trial Court is reversed and the cause is remanded.