**WESTERN FIRE INSURANCE COMPANY,**
Appellant,

v.

Rodrigo Marcos REYNA, Appellee.

No. 761.

Court of Civil Appeals of Texas,
Corpus Christi.

April 26, 1973.

Rehearing Denied May 24, 1973.

Adams, Graham, Lewis, Jenkins & Graham, John E. Lewis, Tony Martinez, McAllen, for appellant.

Pena, McDonald, Gutierrez & Prestia, L. Aron Pena, Edinburg, for appellee.

## OPINION

YOUNG, Justice.

Rodrigo Marcos Reyna brought this suit against Western Fire Insurance Company to recover on an insurance policy for collision damage to an automobile. Based on a jury verdict the court entered a judgment for the plaintiff. The defendant appeals.

On October 3, 1970, plaintiff purchased an automobile insurance policy for a period of one year. The policy was purchased at the Bennett Insurance Agency in Edin-

burg, Texas, for a premium of $192.00. Plaintiff, at the time of purchase, paid $48.00 in cash and was to pay the remaining balance in monthly installments. None of the monthly installments, which were to begin November 3, 1970, were received by the insurance agency. Defendant contends that a notice of cancellation was mailed by the insurance agency to the plaintiff on December 21, 1970, which cancelled the policy as of December 31, 1970, for nonpayment of premiums. The vehicle was damaged January 17, 1971, and defendant denies coverage. Plaintiff contends he never received that notice of cancellation.

The insurance policy provides as follows:

"16. Cancelation . . . This policy may be canceled by the company by mailing to the insured named in Item 1 of the declaration at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. -----the effective date and hour of cancelation stated in the notice shall become the end of the policy period."

Item 1 of the policy set out the name and address of the insured as:

"Rodrigo Marcos Reyna
Route 1, Box 182
Edcouch, Texas 78538."

The jury answered "No" to the sole special issue submitted:

"Do you find, from a preponderance of the evidence, that a notice of cancellation of Policy No. FCA 503398 was mailed on or about December 21, 1970, to Plaintiff, Rodrigo Marco Reyna, at Rt. 1, Box 182, Edcouch, Texas?"

█ The defendant has here attacked the findings on no evidence, insufficient evidence and against the greater weight and preponderance of the evidence points of error, same being numbered one through six.

The evidence of the defendant with regard to the mailing was elicited from a secretary of the local insurance agency, the manager of a finance company and a postal employee. The secretary testified that she prepared the notice of cancellation and a certificate of mailing and that she put postage on the letter. She had no independent recollection of who mailed the letter. The manager of the finance company testified that his company was the lien holder on Mr. Reyna's automobile and that he received a copy of notice of cancellation of Mr. Reyna's insurance. This instrument was dated December 21, 1970, and was signed by Grady Bennett for the Bennett Insurance Agency. He could not testify as to when he actually received such copy. The postal employee testified that the certificate of mailing, Postal Form 3817, was evidence that on December 21, 1970, a mailing was made by the sender, The Bennett Insurance Agency, addressed to the plaintiff at Rt. 1, Box 182, Edcouch, Texas. He said he had no way of knowing what was mailed. Further, the evidence reflected that, thereafter, the defendant, through its Dallas office, by virtue of not having received in its office all the required documentation from The Bennett Insurance Agency relating to the notice of cancellation of December 21, 1970, mailed another notice of cancellation on January 14, 1971, to be effective January 25, 1971.

Mr. Reyna, the plaintiff, stated that he did receive the notice of cancellation dated January 14, 1970, but that he had not received any other such notice. He said, even though he and his father shared the same rural mail box, his father had never before failed to deliver any mail to him.

We hold that the case of Sudduth v. Commonwealth County Mutual Insurance Company, 454 S.W.2d 196 (Tex.Sup.1970) controls the present case, wherein the facts

are strikingly similar. At page 197, the court in the *Sudduth* case said:

"We thus have a case in which the controlling issue is whether notice of cancellation was mailed on April 11 and the record contains affirmative proof of mailing on that date. Defendant insists that in these circumstances, proof that the notice was not received is insufficient in law to raise an issue of fact. We do not agree. . . ."

The court quotes from 9 Wigmore on Evidence, 3rd Ed. 1940, § 2519, wherein the rule set out there seems to be: that when there is evidenc of non-receipt of notice of cancellation and there also is evidence of mailing of notice, then no longer does a presumption in law exist for either party, and a fact issue arises for determination by the trier of facts.

The *Sudduth* case was a summary judgment matter, but it was followed by the court that decided Commercial Union Insurance Company of New York v. Rios, 473 S.W.2d 958 (Tex.Civ.App.—Amarillo 1971, no writ) which was a case that was appealed from a trial on the merits. The facts in the *Rios* case were also very similar to those of the present case. We have reviewed all the evidence and we overrule appellant's points one through six.

In his point seven, the appellant complains of the trial court's refusal of his request to open and close the jury argument.

Prior to the commencement of the trial, the parties stipulated that the insurance policy in question was issued, that there was an accident involving the plaintiff's automobile and that damages were sustained in the amount of $1,750.00. After the charge of the court was prepared and objections to it were ruled on, the appellant requested the court to allow its attorney to open and close the argument. Appellant contended that, because he had the burden of establishing the only issue to be submitted to the jury, he had the right to open and close. The trial court overruled his request.

Where a party has the burden of proof on all matters which are submitted by the court's charge to the jury, he has the right to open and close the argument. Rule 269, Texas Rules of Civil Procedure. Appellant in this case did. have the burden of proof on the sole jury issue: that is, whether the cancellation notice was mailed to the insured. Therefore, it was error for the trial court to refuse to allow the appellant to open and close the argument to the jury. However, the mere denial of the right does not create reversible error. Zieben v. Krakower, 346 S.W.2d 401, (Tex. Civ.App.—Houston 1961, n. r. e.). Further, under Rule 434, T.R.C.P., the error is not reversible error unless, from a consideration of the whole record, it was calculated to cause and probably did cause rendition of an improper judgment. Moreover, the burden is upon the appellant to show from the record the probability that the error caused the rendition of an improper judgment. Hassell v. Pruner, 286 S.W.2d 266, (Tex.Civ.App.—Amarillo 1956, n. r. e.).

The jury by its answer did not find that the notice of cancellation *was not mailed*. Simply, the jury could not find, *from a preponderance of the evidence,* that it *was mailed* and, therefore, had to answer the special issue "No". All of the evidence pointing to the actual mailing of the particular instrument (notice of cancellation) on or about the particular date (December 21, 1970) was circumstantial. So, when testimony of non-receipt is considered, the jury's answer is readily understandable. It follows then, after a reading of the whole record, that we are not convinced that the error complained of probably caused the rendition of an improper judgment. Appellant's seventh point is overruled.

It is not necessary to pass on appellee's points of error concerning estoppel and objections to the court's charge to the jury.

The judgment of the trial court is affirmed.