**STATE FARM LLOYDS INSURANCE CO., Petitioner,**

v.

**Adelfa MALDONADO and Curtis D. Robert, Respondents.**

No. 96–1179.

Supreme Court of Texas.

Argued Nov. 3, 1997.

Decided Feb. 13, 1998.

Rehearing Overruled April 14, 1998.

Paul Dodson, Van Huseman, Alan Clifton Gordon, Corpus Christi, for Petitioner.

Anthony F. Constant, Rose R. Vela, Corpus Christi, for Respondent.

SPECTOR, Justice, delivered the opinion for a unanimous Court.

In this case, we consider two issues: whether an insurance company breached its *Stowers*[1] duty to the insured, and whether the insured's failure to comply with the terms of an insurance policy precludes any recovery on the policy by the insured's judgment creditor. The court of appeals held that the insurance company negligently failed to settle within policy limits, and that the judgment creditor could recover on the policy. We disagree.

## I.

Adelfa Maldonado worked for Curtis Robert, Sr., as a bookkeeper for nearly twenty years. In 1990, Maldonado resigned her position with Robert and went to work for the Brooks County Auditor. Shortly thereafter, Robert began to circulate stories that Maldonado was a thief and of questionable moral character. Because of Robert's statements, a district court judge passed over Maldonado for a promotion to County Auditor. There was also evidence that Robert's statements seriously damaged Maldonado's reputation in the community.

As a result, in 1991, Maldonado sued Robert for defamation. Robert was insured by State Farm under a policy covering up to $300,000 in personal injury damages[2] caused by an offense arising out of his business as a certified public accountant. State Farm, after agreeing to defend the action against Robert under a reservation of rights, hired attorney Roland Leon to represent Robert. The case was set for trial on November 25, 1991. During discovery, Leon became con-cerned that Maldonado's case against Robert appeared strong. In fact, at one point he told State Farm that Robert's case was "horrible," that a "high dollar verdict can be expected," and finally that, from a liability standpoint, it was the worst case he had ever seen.

In October, Maldonado made a settlement demand to State Farm of $1.3 million, open until November 15th. When State Farm did not accept the demand by the deadline,[3] Maldonado and Robert on November 15th entered into an agreement whereby Robert agreed to pay Maldonado $1 million from his personal assets in return for Maldonado's promise not to collect on any later judgment against Robert.[4] The agreement further provided that after Robert recovered his $1 million from State Farm in a bad faith lawsuit to be filed later, he and Maldonado would split evenly any remaining recovery.

The case proceeded to a bench trial. Believing that Maldonado and Robert had entered into an agreement and that Robert would not contest the claims against him, State Farm repeatedly requested to intervene in the suit as a third party. The trial court refused these requests. At the trial, Leon presented no evidence on Robert's behalf, did not cross-examine any witnesses, and did not present opening or closing arguments. Essentially, the entire trial consisted of Maldonado's witnesses' testimony. The judge rendered a $2 million verdict for Maldonado.

Maldonado, as a judgment creditor and third-party beneficiary, and Robert then brought this suit against State Farm seeking recovery for negligence and gross negligence, violations of the Insurance Code, breach of contract, and breach of the duty of good faith

---

1. *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App.1929, holding approved).

2. As defined in the policy, "personal injury" is an "injury, other than 'bodily injury,' arising out of one or more of the following offenses: ... d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services."

3. State Farm ultimately offered the policy limits of $300,000 on November 22nd, one week after the deadline and three days before trial. Maldonado rejected the offer.

4. State Farm argues that our decision in *State Farm Fire & Casualty Co. v. Gandy*, 925 S.W.2d 696 (Tex.1996), invalidates the Robert–Maldonado agreement as against public policy. In light of our disposition of other issues, however, we decline to consider the merits of this point.

and fair dealing. The jury found State Farm liable under each theory except gross negligence. Based on those findings, the trial court awarded Robert over $6 million and Maldonado over $1.5 million.[5]

The court of appeals affirmed in part and reversed in part. 935 S.W.2d 805. The court upheld State Farm's liability to Maldonado for breach of contract and to Robert for negligent failure to settle, and reversed and rendered any additional recovery based upon alleged Insurance Code violations or breach of the common-law duty of good faith and fair dealing.

State Farm has appealed to this Court, asserting in several "no evidence" points of error that it is not liable under the insurance policy and that it did not negligently fail to settle within policy limits. We affirm in part, reverse in part, and render judgment that Robert and Maldonado take nothing.

## II.

In considering State Farm's no evidence points of error, we consider all the record evidence in the light most favorable to Robert and Maldonado, and indulge every reasonable inference deducible from the evidence in their favor. *Harbin v. Seale,* 461 S.W.2d 591, 592 (Tex.1970).

### A. Maldonado's Claim

Initially, State Farm asserts that there is no evidence that it was liable to make payments under the insurance policy. As such, we first consider whether Maldonado may recover from State Farm on the policy.

To recover on the insurance policy as a third-party beneficiary, Maldonado must initially show that Robert, the insured, complied with the conditions precedent and terms of the policy. *See State Farm County Mut. Ins. Co. v. Ollis,* 768 S.W.2d 722, 723 (Tex.1989); *Klein v. Century Lloyds,* 154 Tex. 160, 275 S.W.2d 95, 96 (1955). State

Farm contends that Robert, and therefore Maldonado, is not entitled to sue or recover for breach of contract because the defamation trial violated the "actual trial" condition of the policy. We agree.

The actual trial condition reads: "A person or organization may sue [State Farm] to recover on an agreed settlement or on a final judgment against an insured obtained after *an actual trial.*" (emphasis ours). An "actual trial" contemplates a genuine contest of issues. *See Wright v. Allstate Ins. Co.,* 285 S.W.2d 376, 379–80 (Tex.Civ.App.—Dallas 1955, writ ref'd n.r.e.) (" 'judgment following [an] actual trial' relates to . . . a *contest* of issues leading up to a final determination by court or jury, in contrast to a resolving of the same issues by agreement of the parties; i.e., *without a contest.*") (emphasis in original); *see also Emscor Mfg., Inc. v. Alliance Ins. Group,* 879 S.W.2d 894, 908 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Although Maldonado presented evidence to a judge who later made findings of fact and conclusions of law, this evidence was uncontested. Robert did not appear at trial. His attorney did not cross-examine any witnesses or put on any of his own. Robert's attorney made no argument to the court contesting liability or damages and at one point even referred to the trial as a "hearing." In sum, there was no real contest of issues.

This is not a situation where the insured has entered into an agreed judgment or settlement as a result of the insurance company's refusal to offer the insured a defense. On the facts before us, we hold that this was not an "actual trial" as contemplated by the insurance policy. Because State Farm agreed to defend Robert under a reservation of rights and Robert failed to satisfy a condition precedent of the insurance policy, Robert cannot sue or recover on the policy.

Maldonado claims she is entitled to sue State Farm for recovery under the policy

---

5. The trial court apparently calculated Robert's recovery as follows: (1) Robert's actual damages of approximately $1.8 million, which represents the $2 million defamation judgment against him plus interest, minus the policy limits of $300,000; (2) the actual damages trebled; (3) plus 10% attorneys' fees.

The trial court calculated Maldonado's damages as follows: (1) actual damages of approximately $465,000, equal to the $300,000 policy limits plus interest on the judgment; (2) the actual damages trebled; (3) plus 10% attorneys' fees. *See* 935 S.W.2d 805, 808 nn. 1, 2.

as a third-party beneficiary by virtue of her final judgment against Robert. *See Ollis,* 768 S.W.2d at 723. However, as a third-party beneficiary, Maldonado steps into the shoes of Robert, the insured, and therefore is bound by the conditions precedent in the insurance policy. *Klein,* 275 S.W.2d at 96. Because Robert failed to satisfy the "actual trial" condition of the insurance policy and was therefore not entitled to sue State Farm, Maldonado is also not entitled to sue or recover on the policy as a third-party beneficiary.

We hold that because Robert did not comply with all conditions precedent to recover under the insurance policy, neither he nor Maldonado is entitled to sue or recover on the contract.

### B. Robert's Claim

 We next examine Robert's *Stowers* claim. A *Stowers* duty is triggered by a settlement demand when: (1) the claim against the insured is within the scope of coverage; (2) the demand is within the policy limits; and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. *American Physicians Ins. Exch. v. Garcia,* 876 S.W.2d 842, 849 (Tex.1994). "A demand above policy limits, even though reasonable, does not trigger the *Stowers* duty to settle." *Id.* Therefore, Robert must show that Maldonado's demand of $1.3 million was somehow transformed into an unconditional offer to settle within the policy limits of $300,000.

In *APIE,* the insured had been covered in consecutive years under four separate insurance policies, the largest of which provided a maximum $500,000 in coverage. The plaintiff's lowest settlement demand was for $600,000. We held that "[e]ven if this demand were reasonable, it triggered no *Stowers* duty unless it was within the applicable policy limits." *Id.* at 852. Because the

plaintiffs never did make a settlement demand within the $500,000 policy limits, no *Stowers* duty was triggered.

In this case, State Farm claims that Maldonado never made an unconditional offer to settle within the State Farm policy limits. It is undisputed that Maldonado never made a settlement demand of less than $1.3 million. She nevertheless contends that Robert's offer to pay the $1 million above the policy limits converted the $1.3 million demand into a $300,000 policy-limits demand.[6] We disagree.

Although Maldonado argues that "it was understood" that this $1.3 million settlement offer was bifurcated—$300,000 from State Farm and $1 million from Robert—there is no evidence that State Farm knew, at a point when it had a reasonable amount of time to respond, that Robert had made an unconditional offer to pay the excess. As the dissenting justice at the court of appeals noted, "The fact remains that Maldonado never made a demand within the policy limits. State Farm had no duty to respond to the demand in excess of policy limits; its failure to settle in response to that demand cannot be negligence." 935 S.W.2d at 826 (Rickhoff, J., dissenting) (citing *Texas Farmers Ins. Co. v. Soriano,* 881 S.W.2d 312, 314 (Tex.1994) and *APIE,* 876 S.W.2d at 849).

We conclude that this demand was not an unconditional offer to settle within policy limits and therefore did not trigger the *Stowers* doctrine. As such, Maldonado's settlement demand did not impose a *Stowers* duty on State Farm. Without a tort duty, there can be no breach. Accordingly, Robert cannot recover from State Farm in tort.

In light of our disposition of the preceding issues, we need not consider State Farm's remaining points of error.

### III.

In summary, we reverse the court of appeals' insofar as it awarded recovery to Rob-

6. In *APIE,* we left open the question whether a *Stowers* duty is triggered "if an insured provides notice of his or her willingness to accept a reasonable demand above the policy limits, and to fund the settlement, such that the insurer's share of the settlement would remain within policy limits." 876 S.W.2d at 849 n. 13. Because State Farm did not know that Robert made an unconditional offer to pay the $1 million excess, we are not confronted with this situation, and we therefore decline to decide it here.

ert and Maldonado and render judgment that Robert and Maldonado take nothing. We affirm the court of appeals' judgment in all other respects.