**MOTIVA ENTERPRISES, LLC.,**
**Plaintiff–Appellant,**

**v.**

**ST. PAUL FIRE AND MARINE**
**INSURANCE COMPANY,**
**et al., Defendants,**

**National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Defendant–Appellee.**

**No. 05–20139.**

United States Court of Appeals, Fifth Circuit.

July 21, 2006.

William T. Hankinson, Katherine D. Varholak, Christopher R. Moseley, Sherman & Howard, Denver, CO, Robert M. Roach, Jr. (argued), Cook & Roach, Houston, TX, for Plaintiff–Appellant.

Jeffrey R. Parsons (argued), Stephen B. Edmundson, Beirne, Maynard & Parsons, Houston, TX, for Defendant–Appellee.

Charles L. Stern, Jr., Steeg & O'Connor, New Orleans, LA, William G. Passannante, David A. Kochman, Anderson, Kill & Olick, New York City, for United Policyholders, Amicus Curiae.

Warren Wayne Harris, Bracewell & Giuliani, Houston, TX, for Amer. Petro Inst., Temple–Inland Inc., Franks Casing Crew & Rental Tools Inc. and Fielder Road Baptist Church, Amici Curiae.

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

PER CURIAM:

We deny rehearing in this case and add the following:

As an alternate basis for our conclusion that Motiva cannot recover from National Union in this case, we point out that the holding by the Texas Supreme Court in

*State Farm Lloyds Ins. Co. v. Maldonado,* 963 S.W.2d 38, 40 (Tex.1998), has never been overruled or questioned by the Texas high court and is still good Texas law. *Maldonado* holds that a policy provision such as the one in National Union's policy that the insured has no liability unless "the amount you owe has been determined with our consent or by actual trial and final judgment," is a condition precedent to coverage.

Because the insured, Motiva, seeks recovery of a sum paid in settlement without the consent of the insurer, National Union, Motiva failed to establish a condition precedent to coverage and *Maldonado* precludes Motiva's recovery in this case.[1]

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, therefore the Petition for Panel Rehearing is DENIED. No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (Fed. R.App. P. and 5th Cir. R. 35), the Petition for Rehearing En Banc is DENIED.

---

**1.** We have considered a number of recent inconsistent Texas intermediate appellate court cases cited to us by appellant, which we do not find helpful in resolving this case. *See PAJ, Inc. v. Hanover,* 170 S.W.3d 258 (Tex. App.—Dallas 2005, pet. granted), *Coastal Ref.* & *Mkt. Inc. v. U.S. Fidelity & Guar. Co.,* —— S.W.3d ——, 2006 WL 1459869 (Tex. App.—Houston [14th Dist.] May 30,2006), *Prodigy Comms. Corp. v. Agric. Excess & Surplus Ins. Co.,* 195 S.W.3d 764, 2006 WL 1461142 (Tex. App.—Dallas, May 30, 2006).