

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00169-CV

TEXAS FARMERS INSURANCE                                          APPELLANTS
COMPANY AND FARMERS
INSURANCE EXCHANGE

V.

FRANK KUROSKY AND PAMELA                                          APPELLEES
RUST

----------

### FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 236-243367-10

----------

## MEMORANDUM OPINION[1]

----------

Appellants Texas Farmers Insurance Company (Texas Farmers) and Farmers Insurance Exchange (Farmers Exchange) appeal the trial court's summary judgment in favor of appellees Frank Kurosky and Pamela Rust.[2] We reverse and render judgment in favor of Texas Farmers and Farmers Exchange.

---

[1]*See* Tex. R. App. P. 47.4.

[2]This case was originally submitted with oral arguments on January 7, 2014, before a panel consisting of Justice Dauphinot, Justice Meier,

## Background Facts

Kurosky lives at 4325 Fossil Drive. He also owns a home at 4333 Fossil Drive, which he rents to his daughter, Rust. Kurosky has homeowners insurance on his home at 4325 Fossil Drive with Texas Farmers on which he is listed as the sole insured. Texas Farmers also issued an insurance policy for 4333 Fossil Drive that names both Rust and Kurosky as the insureds. Kurosky also has a personal umbrella policy with Farmers Exchange.

In June 2008, Rust was injured while riding a lawnmower in her backyard. She sued Texas Farmers in the 153rd District Court for medical benefits under both Fossil Drive insurance policies. Rust later added a negligence cause of action against Kurosky in her second amended petition, filed October 23, 2009. Rust never pleaded a cause of action against Farmers Exchange. On November 25, 2009, Texas Farmers sent a reservation-of-rights letter to Kurosky to 4325 Fossil Drive, Fort Worth, Texas, as his address was listed on the policy. Kurosky claimed never to have received the letter because his address is in Haltom City. It is undisputed that he was represented by the attorney whom Texas Farmers retained and paid.

---

and Justice Gardner. The court, on its own motion of February 13, 2015, ordered this case reset with oral argument on March 17, 2015; assigned this case to a new panel, consisting of Justice Dauphinot, Justice Meier, and Justice Gabriel; and assigned the undersigned to author this opinion. On the appellants' motion, submission was reset for April 14, 2015.

Both Rust and Texas Farmers moved for summary judgment. On January 12, 2010, the trial court granted Texas Farmers's motion and denied Rust's. The El Paso Court of Appeals affirmed the trial court's judgment on April 20, 2011. *See Rust v. Tex. Farmers Ins. Co.*, 341 S.W.3d 541 (Tex. App.—El Paso 2001, pet. denied).

Meanwhile, in March 2010, Rust and Kurosky entered into an agreed final judgment against Kurosky for $300,000. The judgment states that it may not be enforced against Kurosky until Rust attempted to collect from his insurance. Texas Farmers claims that it had no prior knowledge of the agreed judgment and that it did not consent to an agreed judgment.

After the 153rd District Court granted Texas Farmers's summary judgment, but in the same month, Texas Farmers and Farmers Exchange filed a petition for declaratory relief in the 236th District Court. In September 2010, Texas Farmers and Farmers Exchange filed their first amended petition seeking a declaration that because Kurosky entered into an agreed judgment with Rust, he assumed an obligation at his own cost, and therefore Texas Farmers did not have a duty to defend Kurosky. Rust filed counterclaims in the 236th action for violations of the insurance code, for breach of the duty of good faith and fair dealing, and for a declaration that Texas Farmers had a duty to indemnify Kurosky.

Texas Farmers and Farmers Exchange filed a joint motion for summary judgment. They filed a supplemental joint motion after the El Paso Court of Appeals affirmed the judgment of the 153rd District Court. They filed a second

3

supplemental joint motion after Rust amended her counterclaims to include claims against Farmers Exchange and filed a response to their summary judgment motion.

Rust filed a motion for partial no-evidence and traditional summary judgment. The motion stated, "This Motion is limited to the coverage provided by Farmers Insurance Exchange and is thus partial in nature," and it sought summary judgment only on the issue that Kurosky's Farmers Exchange umbrella policy covered Rust's injuries. Rust requested indemnity for the amount of the agreed final judgment less the retained limit of $1,000.

The trial court denied Texas Farmers and Farmers Exchange's summary judgment motions and granted Rust's motion. The trial court ordered that Famers Exchange pay Rust $299,000. The order granting Rust's summary judgment motion, signed on February 14, 2013, stated, "This Order is intended to dispose of all claims and all parties and constitute a Final Judgment for all purposes."

Texas Farmers and Farmers Exchange filed a motion for new trial and a motion to correct, modify, or reform the judgment on March 11, 2013. Rust then nonsuited her counterclaims against Texas Farmers on April 16, 2013. The trial court granted the nonsuit the next day. It then denied Texas Farmers and Farmers Exchange's post-judgment motion. Texas Farmers and Farmers Exchange then filed this appeal.

**Standard of Review**

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Mann Frankfort*, 289 S.W.3d at 848; *see Myrad Props., Inc. v. Lasalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009). The reviewing court should render the judgment that the trial court should have rendered. *Mann Frankfort*, 289 S.W.3d at 848.

**Discussion**

Texas Farmers and Farmers Exchange bring twelve issues on appeal. Because the disposition of the appeal turns on the summary judgment rulings, we first address the issues concerning Rust's summary judgment motion, then the motions filed by Texas Farmers and Farmers Exchange. *See Mann Frankfort*, 289 S.W.3d at 848.

**I. Rust's summary judgment motion**

Rust moved for partial summary judgment on no-evidence and traditional grounds. Rust's motion noted that the motion was "limited to the coverage provided by Farmers Insurance Exchange," that is, the umbrella policy. When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

**A. No evidence summary judgment**

In Rust's no-evidence section, she argued that there is no evidence that Farmers Exchange reserved its rights to rely on policy exclusions.

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*,

6

199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

Farmers Exchange attached to its response an affidavit from Toni Johnson, who averred that she mailed a reservation of rights letter to Kurosky on November 25, 2009. Attached to the affidavit was a copy of the letter. This is more than a scintilla of probative evidence that Farmers Exchange reserved its rights. *See Commercial Union Ins. Co. of New York v. Rios*, 473 S.W.2d 958, 959 (Tex. Civ. App.—Amarillo 1971, no writ) ("[T]he rule apparently is that in the event the insured introduces evidence of non-receipt of notice of cancellation and the insurer presents evidence of mailing of notice, then no presumption in law prevails in either direction and a fact issue is presented for determination by the trier of the facts.") (citing *Sudduth v. Commonwealth Cnty. Mut. Ins. Co.*,

7

454 S.W.2d 196, 197 (Tex. 1970)).   No-evidence summary judgment was therefore not proper.  *See Smith*, 288 S.W.3d at 424.

### B. Traditional summary judgment

In Rust's traditional summary judgment section of her motion, she argued that her accident fell under the coverage of the umbrella policy, that Farmers Exchange defended Kurosky without a reservation of rights, and that Farmers Exchange was therefore bound to the agreed final judgment into which Kurosky had entered.  Farmers Exchange argued that by entering into the agreed final judgment, Kurosky violated the policy's provisions, thereby relieving Farmers Exchange of any liability for Rust's damages.  Farmers Exchange further argued that it did not waive and were not estopped from asserting its policy defenses.

Rust cited *Gilbert Texas Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010), which describes the burden shifting for insurance coverage:

> Initially, the insured has the burden of establishing coverage under the terms of the policy.  If the insured proves coverage, then to avoid liability the insurer must prove the loss is within an exclusion.  If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage.

*Id.* (citations omitted).  The insurer's burden also applies to any other "avoidance or affirmative defense that the Texas Rules of Civil Procedure require to be affirmatively pleaded."  Tex. Ins. Code Ann. § 554.002 (West 2009).  However, an insured's failure to meet conditions precedent is not an affirmative defense on

8

which Farmers Exchange bears the burden of proof. *See Lidawi v. Progressive County Mut. Ins. Co.,* 112 S.W.3d 725, 729 & n.1 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *Trevino v. Allstate Ins. Co.,* 651 S.W.2d 8, 11 (Tex. App.—Dallas 1983, writ ref'd n.r.e.)). Rust, as the third-party beneficiary, still maintained the burden to show that the insured complied with the conditions precedent and terms of the policy. *See State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38, 40 (Tex. 1998). A cooperation clause is a condition precedent to coverage. *Progressive County Mut. Ins. Co. v. Trevino*, 202 S.W.3d 811, 816 (Tex. App.—San Antonio 2006, pet. denied). Likewise, other contractual requirements that certain actions be performed before suit may be brought against the insurer are conditions precedent. *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992) ("A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation.").

**1. Violations of the policy provisions**

Under article VII, entitled "Conditions," the umbrella policy contained the following provisions:

1. Duties After **Occurrence**, Claim or Suit.

> . . . .

> c. the **insured** must cooperate with us in the investigation, defense[,] and settlement of a claim or suit.

> . . . .

4. Suit Against Us. No action shall be brought against us:

9

a. unless you and any involved **insureds** have complied with the policy provisions; and

b. until an **insured's** obligation has been determined by trial and final judgment or by agreement signed by us.

By Kurosky's own admission, he cooperated with Farmers Exchange until Farmers Exchange filed the declaratory judgment action. He then "decided to negotiate [his] own deal with Pamela Rust." He averred, "Until Farmers filed suit against me, I had fully cooperated with them in my defense." Rust repeats the admission in her motion for summary judgment, noting that Kurosky "cooperated with Farmers until it sued him."

On appeal, Rust asserts that Kurosky cooperated with Farmers Exchange because he "cooperated with the defense attorney representing him," implying that the attorney was a stand-in for the insurance company. Rust makes the same argument regarding the policy language that an agreement be signed by the insurance company: that Kurosky's attorney was the agent of Farmers Exchange. We first note that Rust did not make this argument in the trial court, and thus it could not have been the basis upon which the trial court granted summary judgment. *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) (stating that a court cannot grant summary judgment on grounds not presented in the motion). And even if she had, there is no evidence that Kurosky's attorney was the agent of Farmers Exchange.

Rust claims that *Ranger County Mut. Ins. Co. v. Guin*, 723 S.W.2d 656, 659 (Tex. 1987), stands for her proposition that the defense attorney is the agent

of the insurance company. But Rust misreads the case. *Ranger* states, "We held in *Stowers* that an insurer which, under the terms of its policy, assumes control of a claim, investigates the claim[,] and hires an attorney to defend the insured, becomes the agent of the insured and the attorney becomes the sub-agent of the insured." *Id.* (*citing G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved)). The language upon which Rust relies ("Ranger hired attorney Otto Ritter to represent Peden and Guin, so Mr. Ritter became *their* sub-agent." *Id.* (emphasis added)) refers to the hired attorney as the sub-agent of the insureds, not the insurer, as is clear by the use of "their" and not "its."

In oral argument, Rust also referenced *Bradt v. West*, 892 S.W.2d 56, 76 (Tex. App.—Houston [1st Dist.] 1994, writ denied), as authority for her argument that the attorney was acting as the agent of Farmers Exchange. *Bradt* actually says that the attorney is the agent of his *client*, which in this case is Kurosky, not Farmers Exchange. *See id.* (citing *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986) ("The attorney's acts and omissions within the scope of his or her employment are regarded as the client's acts.")). *Bradt* specifically states, "There is no attorney-client relationship between an insurer and an attorney hired by the insurer just to provide a defense to one of the insurer's insureds." *Id.* at 77 (citing *Empl'rs Cas. Co. v. Tilley*, 496 S.W.2d 552, 558 (Tex. 1973) (holding that an attorney hired and paid by an insurance company for an insured "becomes the attorney of record and the legal representative of the insured, and as such he

11

owes the insured the same type of unqualified loyalty as if he had been originally employed by the insured")). The attorney signed the final agreed judgment as "Attorney for Defendant Frank Kurosky." The attorney was acting for Kurosky and no one else. *See Tilley*, 496 S.W.2d at 558. Famers Exchange therefore cannot be bound to the agreed judgment through the principles of agency.

We also note that the record is completely devoid of evidence that there was any sort of trial from which the final judgment resulted. *See U. Lawrence Boze' & Associates, P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 33 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("A 'trial' is a hearing in which the court hears and receives evidence."). Rust does not make a direct argument that the judgment was the result of a trial, but she does attempt to distinguish the policy language from that in the cases cited by Farmers Exchange. *See Maldonado*, 963 S.W.2d at 39–41; *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996).

In *Maldonado*, after State Farm did not accept a settlement offer from the plaintiff, Adelfa Maldonado, he and the insured defendant, Curtis Robert, entered into an agreement with one another before trial. 963 S.W.2d at 39. Robert's insurance policy required that there be "an agreed settlement or a final judgment against an insured obtained after an actual trial." *Id.* at 40. But at the bench trial, Robert's insurance-hired attorney presented no evidence, did not cross-examine witnesses, and did not present opening or closing argument. *Id.* The supreme court held that the hearing was not an "actual trial" as required by the policy. *Id.*

12

Robert therefore had not complied with the condition precedent to recovery, and he was prohibited from recovering under the policy. *Id.* at 41. In *Gandy*, the supreme court held, "In no event . . . is a judgment for plaintiff against defendant, rendered without a fully adversarial trial, binding on defendant's insurer or admissible as evidence of damages in an action against defendant's insurer by plaintiff as defendant's assignee." 925 S.W.2d at 714.

Rust does not explain what she believes to be the difference between a "trial" as required by the umbrella policy and *Maldonado*'s "actual trial" or *Gandy*'s "fully adversarial trial." We do not believe, however, that what difference there may be would take the present situation out of the purview of either *Maldonado* or *Gandy*. *See Lawyers Lloyds of Tex. v. Webb*, 137 Tex. 107, 110–11, 152 S.W.2d 1096, 1097–98 (1941) (distinguishing the broad term "trial," which "includes every step taken in the determination of the issues between the parties, and therefore includes the hearing on a motion for new trial," from the narrower term "actual trial," "the hearing in open court, leading up to the rendition of judgment"). As the insurer, Farmers Exchange was entitled to challenge the reasonableness of any settlement to which it was to be bound. *See U.S. Aviation Underwriters, Inc. v. Olympia Wings, Inc.*, 896 F.2d 949, 955 (5th Cir. 1990) ("We remain persuaded, however, that the Texas Supreme Court would reach the same result we did in *Rhodes* and hold that the insurer which tenders a full defense under a reservation of rights agreement is not bound by an unreasonable settlement that is reduced to a consent judgment. In other words,

13

such an insurer is not in privity with its insured for purpose of such a judgment."); *Transp. Ins. Co. v. Heiman*, No. 05-95-00482-CV, 1999 WL 239917, at *5–6 (Tex. App.—Dallas Apr. 26, 1999, no pet.) (following *Olympia Wings*) ("Because the insured is generally the one seeking to recover the amount of the underlying judgment from the insurer and the insurer is only liable for damages that were reasonable, we think it clear that the burden of establishing reasonableness is on the party seeking to recover on the judgment."). Normally, this is can be done by participation in settlement negotiations or in an adversarial trial. *See Gandy*, 925 S.W.2d at 713 ("In a subsequent action by *P* against *I, P*'s damages are measured by the value of his claim against *D*. . . . If *P* and *D* settle after an adversarial trial, the value of *P*'s claim can be taken to be the amount of the judgment obtained."). But by entering the agreed final judgment without Farmers Exchange's participation or consent, Rust and Kurosky prevented Farmers Exchange from making any challenge to the reasonableness of the settlement. *See id.* ("But if settlement is before such a trial, an evaluation of *P*'s claims becomes very difficult."). There is no evidence that any party put on evidence in the trial court regarding the amount of Rust's damages or the reasonableness of the agreed judgment.

Kurosky's testimony that he "negotiate[d] [his] own deal" establishes that he breached the insurance policy by agreeing that a judgment be taken against him without the consent of Farmers Exchange. Further, there is no evidence that

14

the judgment was agreed to and signed by Farmers Exchange[3] or that it recited an obligation determined by trial. Rust failed to show that the insured complied with the conditions precedent and terms of the policy. *See Maldonado*, 963 S.W.2d at 40.

### 2. Prejudice to Farmers Exchange

Kurosky's failure to comply with all conditions precedent does not relieve Farmers Exchange from liability for the underlying judgment unless it was prejudiced by the noncompliance. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 174 (Tex. 1995). Courts have held that an insurer's inability to participate in the settlement of claims against it prejudices the insurer as a matter of law. *See Rodriquez v. Tex. Farmers Ins. Co.*, 903 S.W.2d 499, 509 (Tex. App.—Amarillo 1995, writ denied) (holding that insurance was prejudiced as a matter of law when insured made agreement without insurance's participation); *see also Motiva Enters., LLC v. St. Paul Fire & Marine Ins. Co.*, 445 F.3d 381, 386 (5th Cir. 2006) ("An insurer's right to participate in the settlement process is an essential prerequisite to its obligation to pay a settlement. When, as in this case, the insurer is not consulted about the settlement, the settlement is not tendered to it[,] and the insurer has no opportunity to participate in or consent to the ultimate settlement decision, we conclude that the insurer is prejudiced as a

---

[3]Rust even notes in her supplemental response to Texas Farmers and Farmers Exchange's motion for summary judgment that Farmers Exchange was not a party to the prior suit.

15

matter of law." ) (applying Texas law). Kurosky settled the underlying lawsuit without giving Farmers Exchange the opportunity to participate or agree to the judgment, and Rust now attempts to bind Farmers Exchange to that judgment. Under these facts, Farmers Exchange was prejudiced by Kurosky's breach of the policy conditions as a matter of law.

### 3. Waiver and estoppel

Rust argued that Farmers Exchange either waived or was estopped from asserting policy defenses against Kurosky because it failed to reserve its rights. When an insurer assumes an insured's defense without declaring a reservation of rights or obtaining a non-waiver agreement, and with knowledge of facts indicating noncoverage, all policy defenses, including those of noncoverage, are waived, or the insurer may be estopped from raising them. *Farmers Texas County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520, 522 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.).

As the supreme court explained,

> [T]he doctrines of waiver and estoppel are frequently referenced together, but they are different. Waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right. The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right. Estoppel, on the other hand, generally prevents one party from misleading another to the other's detriment or to the misleading party's own benefit.

16

*Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008) (citations omitted). "Regardless of whether the courts have discussed the issue in terms of waiver or estoppel or both, they have generally required a showing that the insured was harmed by the insurer's conduct of assuming the insured's defense without a reservation of rights or non-waiver agreement." *State Farm Lloyds, Inc. v. Williams*, 791 S.W.2d 542, 552 (Tex. App.—Dallas 1990, writ denied); *see also Rodriquez*, 903 S.W.2d at 510 (stating in context of inadequate reservation of rights that "[e]stoppel requires a showing that the insured was prejudiced by the conduct of the insurer").

Farmers Exchange provided the affidavit of Toni Johnson, in which she states,

> Attached hereto is a true and correct copy of a reservation of rights letter which I prepared on November 19, 2009. The reservation of rights letter is from Texas Farmers Insurance Company and Farmers Insurance Exchange to Frank Kurosky. On November 25, 2009, I placed the reservation of rights letter in an envelope addressed to Frank Kurosky at 4325 Fossil Drive, Fort Worth, Texas 76117, affixed proper postage to the envelope, and deposited the envelope in a United States Postal Service mailbox.

The attached letter states,

> We are referring this matter to the law firm of Carnahan Thomas located at 1190 N. Carroll Ave., Southlake, Texas 76092. Mr. Jason Thomas will be given instructions to enter an appearance on your behalf and file a timely answer with the court. However, we are providing you with a qualified defense under a reservation of rights while we are investigating this matter to determine if coverage will apply.

The letter was addressed to Kurosky at the address in Fort Worth. The address matched the address on both Kurosky's homeowner's policy and the umbrella policy.[4]

Kurosky acknowledged that Texas Farmers and Farmers Exchange retained counsel to defend him and that he allowed the attorney to represent him, but he testified, "At no time[] did I ever receive a reservation of rights letter from Farmers or ever agree to allow Farmers to defend me under a reservation of rights." Rust claims that Kurosky's statement in his affidavit is sufficient to show that Farmers Exchange "failed to carry its burden to show that it properly reserved its right to raise policy defenses."

However, as the party asserting waiver and estoppel, it was Rust's burden to prove the elements of both defenses. *See Enchilada's Nw., Inc. v. L & S Rental Props.*, 320 S.W.3d 359, 365 (Tex. App.—El Paso 2010, no pet.) (citing *Barfield v. Howard M. Smith Co. of Amarillo*, 426 S.W.2d 834, 838 (Tex. 1968) ("The party relying upon estoppel has the burden of proof, and the failure to prove any element is fatal.")); *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 634 (Tex. App.—El Paso 2005, no pet.) ("[Waiver] is an affirmative defense and the party asserting it bears the burden of proof.").

---

[4]A previous homeowner's policy in the record lists the address as Haltom City. That policy was replaced with the Fort Worth-addressed policy in 2007. There is no version of the umbrella policy in the record that lists Kurosky's address as Haltom City.

18

### a. Waiver

As stated above, waiver is the intentional relinquishment of a known right. *Ulico*, 262 S.W.3d at 778. If a party's conduct is consistent with claiming the right, it cannot be the basis for a waiver. *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987). When waiver is to be implied, it is the burden of the party benefitting from a showing of waiver to produce conclusive evidence that the opposite party made an unequivocal manifestation of its intent to no longer assert its right. *G.H. Bass & Co. v. Dalsan Properties—Abilene*, 885 S.W.2d 572, 577 (Tex. App.—Dallas 1994, no writ); *Fed. Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 947 (Tex. App.—Houston [1st Dist.] 1988, no writ).

Farmers Exchange mailed a reservation of rights letter to Kurosky at the address on his policy. Kurosky accepted representation by the attorney provided to him. The supreme court has noted that it is customary to assume that acceptance of defense is implied consent to reservation of rights. *See Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 74 (Tex. 2008) (quoting *W. Cas. & Sur. Co. v. Newell Mfg. Co.*, 566 S.W.2d 74, 76 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.) ("In practice in an insurance context, insureds often communicate acceptance of an offer by conduct, as in the case of an insured accepting a defense from an insurer that reserves its right to deny coverage. In such cases, the insured's acceptance of the defense is an implied consent to the insurer's reservation of the coverage issues, 'even in the absence of an express consent or acceptance

19

of the offer.'"). Thus, Farmers Exchange had no reason to believe from Kurosky's acceptance of its defense that its offer had not been communicated. It then filed the declaratory action regarding coverage. None of these actions demonstrate an unequivocal intent to surrender its rights under the insurance policy, regardless of whether Kurosky ever received the letter.

### b. Estoppel

An essential element of estoppel is that the insured was prejudiced by the conduct of the insurer. *Ulico*, 262 S.W.3d at 778 (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998) (stating that equitable estoppel requires detrimental reliance on concealments or false representations); *Am. Eagle Ins. Co. v. Nettleton*, 932 S.W.2d 169, 174–75 (Tex. App.—El Paso 1996, writ denied) (citing *Tilley*, 496 S.W.2d at 560). That is, the insured must have changed his position for the worse by the fault of the insured. *Britt v. Cambridge Mut. Fire Ins. Co.*, 717 S.W.2d 476, 481 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) (citing *Wirtz v. Sovereign Camp W.O.W.*, 114 Tex. 471, 477 268 S.W. 438, 441 (1925)). In the trial court and her brief on appeal, Rust made no argument that she or Kurosky had been prejudiced by Farmers Exchange's actions.[5] Rust did not show that Kurosky did anything upon the mistaken belief that he was being unconditionally defended that he would not

---

[5]When asked at oral argument, Rust stated that the prejudice was that Kurosky had no notice that Farmers Exchange would file the declaratory action seeking to establish lack of coverage.

20

have otherwise done. There is no evidence that Kurosky would have denied the proffered representation or that he was harmed by accepting it. Neither is there evidence that Kurosky would have defended himself differently. In fact, the evidence is that he negotiated his own settlement without any influence from Farmers Exchange. There is also no evidence of any injury resulting from any lack of notice of the reservation of rights. Thus, Farmers Exchange is not estopped from asserting its defenses.

Considering the evidence in the light most favorable to the nonmovant, we hold that Rust did not conclusively establish all essential elements of her claim that Farmers Exchange must indemnify her for the amount of the agreed final judgment in the 153rd action. *See* Tex. R. Civ. P. 166a(a), (c); *Mann Frankfort*, 289 S.W.3d at 848. Summary judgment was therefore improper on her claim. We sustain Texas Farmers and Farmers Exchange's ninth issue.

## II. Texas Farmers and Farmers Exchange's motions for summary judgment

In their tenth issue, Texas Farmers and Farmers Exchange challenge the denial of their motions for summary judgment. Texas Farmers and Farmers Exchange requested summary judgment on the following grounds:

1. They had no duty to defend Kurosky in the underlying lawsuit.

2. They had no duty to indemnify Kurosky as to the agreed final judgment.

3. Rust's counterclaims against Texas Farmers were barred by res judicata.

4. Rust's counterclaims against Farmers Exchange were without basis.

Rust nonsuited all of her claims against Texas Farmers, the remaining claims against Farmers Exchange on which she did not seek summary judgment, and her requests for attorney's fees. The determination of whether Texas Farmers and Farmers Exchange had a duty to defend Kurosky is now moot because there is a final judgment in that case and no party seeks attorney's fees. *See Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 395 (Tex. App.—San Antonio 1999, no pet.) (dismissing as moot that part of appeal regarding duty to defend when the case had already settled); *State Farm Mut. Auto. Ins. Co. v. Carmichael*, No. 05-96-00990-CV, 1998 WL 122409, at *2 (Tex. App.—Dallas Mar. 20, 1998, no pet.) (not designated for publication) ("Once the judgment in the underlying suit became final, State Farm's duty to defend terminated and whether there was a duty to defend in the first instance became a moot issue."). Thus, the only part of Texas Farmers and Farmers Exchange's motions that we address is the ground that they had no duty to indemnify Kurosky as to the agreed final judgment.[6]

---

[6]Rust argues that we need not address Texas Farmers's duty to indemnify because she dismissed her claims against it. However, at the time of the competing motions for summary judgment, Texas Farmers had a pending claim seeking a declaration that it had no duty to indemnify. Texas Farmers moved for summary judgment on its claim. In denying Texas Farmers and Farmers Exchange's motions for summary judgment in full, the trial court ruled on that claim. *See Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 611 (Tex. 2012) (stating that we may review the denial of a summary judgment motion when the trial court grants one competing motion and denies the other).

Just as it did in its response to Rust's motion for summary judgment, Farmers Exchange argues that it does not have to indemnify Kurosky for the agreed final judgment because he breached the policy conditions. As explained above, Kurosky did violate the policy provisions, Farmers Exchange was prejudiced by the violations, and it did not waive and was not estopped from asserting the violations in its defense. Farmers Exchange therefore conclusively proved all essential elements of its claim that it does not have a duty to indemnify Kurosky. *See* Tex. R. Civ. P. 166a(a), (c). And because it has no duty to indemnify Kurosky, Rust, who stepped into Kurosky's shoes, cannot recover against Farmers Exchange. *See Maldonado*, 963 S.W.2d at 40. Farmers Exchange was entitled to summary judgment on its claim.

Turning to Texas Farmers, we note that it was not the insurance company that issued the umbrella policy. Texas Farmers only issued the two homeowner's policies. In the appeal of the 153rd action, the Amarillo Court of Appeals held that Rust could not recover under the policy covering the 4333 Fossil Drive property. *Rust*, 341 S.W.3d at 551 ("Farmers showed that Rust could not recover under the bodily injury provisions of the 33–Fossil policy because she was an insured, and could not recover under the medical-payments provisions of the 33–Fossil policy as she was both a named insured and a resident of the property.").

As to the policy covering 4325 Fossil Drive, it contained the following provisions:

23

**3. Duties after loss.**

In case of an **occurrence** or claim for **personal injury**, an **insured** will perform the following duties:

. . . .

c. cooperate with and assist us in any matter relating to a claim or suit;

. . . .

**5. Suit against us.**

No action can be brought against us unless there has been full compliance with the terms and conditions of this policy. . . . We may not be sued under Coverage C (Personal Liability) until the obligation of the **insured** has been determined by final judgment after actual trial or by agreement signed by us.

The same requirements that Kurosky cooperate and determine his obligation by either trial or an agreement signed by the insurer that we discussed in the umbrella policy are present in the 4325 Fossil Drive policy. For the same reasons Kurosky was barred from seeking indemnity from Farmers Exchange under the umbrella policy, he is likewise prohibited from seeking indemnity from Texas Farmers under the 4325 Fossil Drive policy. Texas Farmers was therefore entitled to summary judgment on its claim.

Considering the evidence in the light most favorable to the nonmovant, we hold that Texas Farmers and Farmers Exchange conclusively established all essential elements of their claim that they did not have a duty to indemnify Kurosky for the amount of the agreed final judgment in the 153rd action. *See* Tex. R. Civ. P. 166a(a), (c); *Mann Frankfort*, 289 S.W.3d at 848. They were

24

therefore entitled to summary judgment on their claims, and we sustain their tenth issue. Because our disposition of the ninth and tenth issues is dispositive of the appeal, we do not need to reach their remaining issues. *See* Tex. R. App. P. 47.1.

## Conclusion

Having sustained Texas Farmers and Farmers Exchange's ninth and tenth issues, we reverse the trial court's judgment and render judgment that Texas Farmers and Farmers Exchange have no duty to indemnify Kurosky for the agreed final judgment in the 153rd action and that Rust take nothing.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

MEIER, J., dissents without opinion.

DELIVERED:  July 2, 2015