Ann MARTINEZ, Individually and as Next Friend of Michael Munoz, and Patricia Davilla, Appellants,

v.

ACCC INSURANCE COMPANY, f/k/a American Casualty Insurance Company, ACCC Claims Service, Inc., f/k/a American Century Claims Service, Inc., Best Texas General Agency, Inc., and State and County Mutual Fire Insurance Company, Appellees.

No. 05–09–01145–CV.

Court of Appeals of Texas, Dallas.

June 21, 2011.

Todd Eric Tkach, Eric A. Laue, Dallas, TX, for Appellants.

Lisa Y. Ledoux, Bruce Law Firm, P.C., Spring, TX, John Dulon White, The Colaneri Firm, P.C., Arlington, TX, Robert G. Chadwick, Campbell & LeBoeuf, P.C., Dallas, TX, for Appellees.

Before Justices MARTIN RICHTER, LANG, and MYERS.

## OPINION

Opinion By Justice MARTIN RICHTER.

This is an appeal from a trial court judgment that Ann Martinez, individually and as next friend of Michael Munoz, and Patricia Davilla take nothing on their claims as third party beneficiaries of an automobile liability insurance policy issued to Carmensa Romero. The trial court granted summary judgment in favor of Best Texas General Agency, Inc., State and County Mutual Fire Insurance Company, and ACCC Claims Service, Inc., finding they owed no duty to defend or indemnify Romero with respect to an underlying suit brought by Martinez and Davilla. In one issue, Martinez and Davilla assert the trial court erred in ruling that appellees were prejudiced and had no duty to defend or indemnify. We affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2002, Martinez and Davilla were involved in an automobile accident with Carmensa Romero. Martinez and Davilla alleged they were traveling through a controlled intersection on Buckner Boulevard when Romero ran a red light and slammed into their vehicle. At the time, Romero was insured under and subject to the terms and conditions of a personal automobile liability insurance policy, State and County Mutual Fire Insurance Company Policy Number BT 0148650 (the policy). The policy was issued by Best Texas General Agency, Inc. (Best Texas), acting as the authorized managing general agent for State and County Mutual Fire Insurance Company (State & County). Best Texas provided claims servicing for this policy through ACCC Claims Services, Inc. (ACCC Claims). The policy included the following provisions regarding the obligations of a person seeking any coverage:

PART E—DUTIES AFTER AN ACCIDENT OR LOSS

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses. If we show that your failure to provide notice prejudices our defense, there is no liability coverage under the policy.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit;

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

The policy also contained the following provision regarding legal action against the insurer:

PART F—GENERAL PROVISIONS

. . . .

LEGAL ACTIONS AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy.

After the collision, Martinez and Davilla presented claims for injury and damage to Best Texas through its claims servicing agent, ACCC Claims. On September 6, 2002, Todd E. Tkach, counsel for Martinez and Davilla, sent a letter to ACCC Claims which included the following paragraph:

We will provide you with every opportunity to provide a defense for your insured. Specifically, we will send you a copy of the Petition when it is filed, and notify you of the date that your insured is served with process. We will also notify you of your insured's deadline to file an Answer. If no Answer is filed, we will seek a default judgment.

On July 2, 2004, Martinez and Davilla filed a lawsuit against Romero, styled *Ann Martinez, Ann Martinez as next friend of Michael Munoz, and Patricia Davilla v. Carmensa Romero,* Cause No. 04–07687–B, in County Court at Law No. 2, Dallas County, Texas ("underlying suit"). On September 22, 2004, Tkach forwarded a copy of the original petition to ACCC Claims. The petition identified the named defendant as Carmensa Romero residing at 1614 N.W. Highway, Apt. 1130, Garland, Texas. This address differed from the address for Carmensa Romero in the policy declarations.

ACCC Claims forwarded a copy of the original petition to its attorney, Trey Harlin, and requested that he confirm whether service had been effected on Romero. Harlin wrote a letter to Todd E. Tkach, stating that he had confirmed with the court that there was no executed citation on file and asking that he be provided with the executed citation when Romero was served. Although the executed citation and return of service were filed with the court on March 18, 2005, Tkach admitted he did not send a copy to Harlin or ACCC Claims.

On September 30, 2005, Harlin sent another letter to Tkach, again stating he had confirmed with the court that there was no executed citation on file, and again asking that he be provided with the executed citation when Romero was served. On December 2, 2005, Tkach appeared at a hearing in the underlying suit. Harlin attended as an observer and spoke with Tkach after the hearing. Tkach told Harlin that Romero had been served and that he had seen the return of service on file with the court. Harlin requested that Tkach send him a copy of the return of service. The same day, Harlin sent Tkach another letter, confirming his request in writing. Harlin testified that despite his requests, Tkach never sent written confirmation that Romero had been served.

On February 6, 2006, the trial court signed a default judgment against Romero in the underlying suit, awarding damages in excess of $150,000. Tkach did not forward the default judgment to ACCC Claims until June 26, 2006, almost five months later.

The record does not include a police report, and Best Texas represents that no police report was generated with respect to the collision. According to Best Texas's summary judgment evidence, Romero failed and refused to cooperate with ACCC Claims' investigation of the loss. Romero failed to notify ACCC Claims of the accident and failed to provide ACCC Claims service with suit papers. ACCC Claims sent multiple letters requesting information but Romero failed to respond in any way. ACCC Claims hired Douglas Claims Service to locate Romero. The Douglas Claims Service investigator attempted to contact Romero personally and left contact information with a man who confirmed that she continued to reside at the address listed in the policy declarations. Douglas Claims Service also sent follow-up correspondence to Romero. Romero failed to respond to the investigator's attempts to obtain information relevant to ACCC Claims' investigation of the loss. After learning of the default judgment, ACCC Claims hired Veracity Research Co. to locate Romero. Veracity's investigator was also unable to locate Romero.

On April 2, 2008, Martinez and Davilla filed suit in the Dallas County Court at Law No. 5 against American Century Claims Insurance Company, alleging the company insured a person identified as Carmensa Romero under an auto liability policy but refused to pay indemnity benefits for a default judgment they obtained against Romero in the underlying suit. On July 9, 2008, Best Texas filed a separate lawsuit in the 298th District Court of Dallas County, Texas, styled *Best Texas General Agency, Inc., as Authorized Managing General Agent for and on behalf of State and County Mutual Fire Insurance Company v. Carmensa Romero, Patricia Davilla, Ann Martinez, independently and as next friend of Michael Munoz, and Todd E. Tkach, P.C.*, Cause No. 08–7901.

In its original petition, Best Texas alleged that while acting in its capacity as managing general agent, it issued a State & County auto liability policy to Romero which imposed certain duties on any person seeking coverage, including a duty to provide prompt notice of an accident, a duty to cooperate in the investigation and defense of any claim or suit, and a duty to forward suit papers. Based on Romero's failure to cooperate, Best Texas sought a declaratory judgment that the company suffered actual prejudice, that no defense was owed to Romero in the underlying lawsuit, and that no coverage or indemnity was afforded to satisfy the default judgment.

Martinez and Davilla filed a first amended petition in their county court lawsuit, correcting the name of the defendant to ACCC Insurance Company, fka American Casualty Insurance Company, and adding three defendants: ACCC Claims, Best Texas, and State & County. Martinez and Davilla alleged they were the intended beneficiaries/creditors under an indemnity agreement between Romero and appellees. ACCC Insurance Company answered, generally denying the allegations and seeking sanctions. Best Texas, State & County, and ACCC Claims filed a separate answer, generally denying the allegations, asserting affirmative defenses, verified denials, and special exceptions, and requesting sanctions. ACCC Claims Service denied that it was an insurer, denied it had any contractual relationship with Romero, and denied it issued the policy in question. On April 21, 2009, the county court filed an order consolidating the two lawsuits.

The parties filed cross-motions for summary judgment and on August 21, 2009, the trial court signed an order granting Best Texas, State & County, and ACCC Claims' traditional motion for summary judgment against Martinez, Davilla, and

Todd E. Tkach, P.C., except as to attorney's fees. The trial court also took judicial notice of Martinez and Davilla's nonsuit of claims against ACCC Insurance Company. In a separate order, the trial court granted Best Texas's motion for default judgment against Romero, declaring that Best Texas owed no duty to provide a defense on behalf of Romero in the underlying lawsuit, and that no coverage or indemnity was afforded under Romero's State & County policy for the default judgment taken against Romero in the underlying lawsuit.

On September 25, 2009, Martinez and Davilla filed a notice of appeal, together with a motion for extension of time within which to file their notice of appeal. The motion was granted by this court. On October 1, 2009, the trial court signed a final judgment, incorporating the order in which it granted summary judgment to Best Texas, State & County, and ACCC Claims.

## II. STANDARD OF REVIEW

We review a traditional motion for summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex.2003). A defendant moving for traditional summary judgment must either (1) disprove at least one essential element of the plaintiff's cause of action as a matter of law or (2) plead and conclusively establish each essential element of an affirmative defense. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.

1979); *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary, L.P.*, 198 S.W.3d 462, 464 (Tex.App.-Dallas 2006, no pet.). When more than one ground is asserted in a motion for summary judgment and the trial court does not specify on which it rendered summary judgment, an appellant must challenge each ground asserted. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970); *Worldwide Asset Purchasing, L.L.C. v. Rent–A–Center East, Inc.*, 290 S.W.3d 554, 569 (Tex.App.-Dallas 2009, no pet.). If an appellant does not challenge one of the grounds for summary judgment, an appellate court may affirm the summary judgment on that ground alone. *See Murphy v. Gruber*, 241 S.W.3d 689, 700 (Tex.App.-Dallas 2007, pet. denied).

## III. SUMMARY JUDGMENT IN FAVOR OF BEST TEXAS AND STATE & COUNTY

Martinez and Davilla complain that the trial court erred by ruling that Best Texas, as authorized managing general agent for and on behalf of State & County, owed no duty to provide a defense on behalf of Romero in the underlying suit, and had no duty to indemnify Romero for the default judgment taken against her in the underlying suit. They contend Best Texas was not prejudiced as a matter of law by Romero's failure to provide notice and suit papers because Best Texas had actual knowledge of the suit against Romero. Martinez and Davilla claim they satisfied all conditions precedent under the policy by giving ACCC Claims actual notice of the suit, actual notice that Romero had been served with citation, and actual notice that the return of service was on file with the trial court. They further argue that even if they did not comply with all conditions precedent, appellees are required to show they were prejudiced by the lack of notice. Martinez and Davilla argue that

case law is clear that when an insurer is notified that a lawsuit has been filed, prejudice cannot be established as a matter of law but rather, is a fact issue to be determined by the trier of fact.

In their motion for summary judgment, Best Texas and State & County asserted that Romero breached three separate contractual duties under the policy: (1) the duty to provide prompt notice of how, when, and where the accident occurred; (2) the duty to cooperate in the investigation, settlement, and defense of any claim; and (3) the duty to promptly send copies of any notices or legal papers. Best Texas argued that Romero's breach of these conditions precedent prejudiced appellees and precluded coverage for Martinez and Davilla's claims against Romero.

■ Martinez and Davilla bring their claims against Best Texas as third party beneficiaries of Romero's automobile liability insurance policy. *See Dairyland Cnty. Mut. Ins. Co. of Texas v. Childress,* 650 S.W.2d 770, 775–76 (Tex.1983). As third-party beneficiaries, Martinez and Davilla "step into the shoes" of Romero and are thus bound by the conditions precedent in the insurance policy. *See Stonewall Ins. Co. v. Modern Exploration, Inc.,* 757 S.W.2d 432, 434–35 (Tex.App.-Dallas 1988, no writ). On appeal, Martinez and Davilla address the conditions precedent of notice of the accident and notice of the suit, arguing that Best Texas was provided actual notice of the accident, the underlying suit, and service of citation on Romero. However, Martinez and Davilla do not address Romero's duty to cooperate in the investigation and defense of the claim. An insurer's obligation depends upon proof that all conditions precedent have been performed. *See Assoc. Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 283 (Tex.1998); *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 174 (Tex.1995); *Progressive Cnty. Mut. Ins. Co. v. Trevino,* 202 S.W.3d 811, 816 (Tex. App.-San Antonio 2006, pet. denied).

■ Romero's failure to cooperate in the investigation, defense and settlement of the claims against her is sufficient grounds to support the summary judgment. The cooperation clause of a policy has been interpreted as a condition precedent to coverage. *See Trevino,* 202 S.W.3d at 816. In the *Trevino* case, Alvarado, the insured, notified Progressive, his insurer, that he had been served with a negligence suit arising from an automobile accident, but thereafter, refused to cooperate with his defense and failed to appear for trial. *Id.* at 813. The court of appeals concluded that Alvarado's judgment creditors had the burden of showing Alvarado's cooperation with Progressive as a condition precedent to coverage under the automobile liability policy. *Id.* at 816.

Here, the record reflects that Romero failed to cooperate with Best Texas's investigation of the accident and the claims against her. Romero never contacted her insurer or its agents regarding the collision, and failed to respond to their telephone calls and letters requesting information. ACCC Claims hired investigators who were unable to locate her. There was no police report from which the facts could be confirmed with respect to the collision and the claimants' alleged injuries. Romero's failure to provide information and the lack of a police report made it impossible for ACCC Claims to identify any witnesses to the accident. The record also reflects that Romero failed to cooperate in any way with the defense of Martinez and Davilla's claims against her. She failed to forward legal papers to Best Texas, failed to notify Best Texas that she had been served with citation, and failed to inform Best Texas that a default judgment had been taken against her. Martinez and Davilla do not

address Romero's failure to cooperate, nor do they contend that the condition precedent of cooperation has been satisfied. *See Assoc. Indem. Corp.*, 964 S.W.2d at 283.

■ Even though there is no evidence that the condition precedent of cooperation was satisfied, Best Texas will not escape liability unless it was prejudiced by the lack of cooperation. *See Trevino*, 202 S.W.3d at 816. An insured's failure to cooperate will not operate to discharge the insurer's obligations under the policy unless the insurer is actually prejudiced or deprived of a valid defense by the actions of the insured. *See Harwell*, 896 S.W.2d at 173–74; *USAA Cnty. Mut. Ins. Co. v. Cook*, 241 S.W.3d 93, 102 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Trevino*, 202 S.W.3d at 816. In its motion for summary judgment, Best Texas argued it was prejudiced as a matter of law by Romero's failure to cooperate in the investigation, defense and settlement of the claims against her. Best Texas provided the following examples of such prejudice: (1) ACCC Claims incurred additional expense in its attempts to locate Romero to solicit her cooperation; (2) Best Texas and ACCC Claims were unable to confirm material facts regarding the alleged collision; (3) Best Texas and ACCC Claims were unable to determine the existence of potential claims or defenses that could be asserted on Romero's behalf; (4) Best Texas and ACCC Claims were prevented from developing a valid defense for Romero because they had no police report, no witnesses to the accident from which the facts could be objectively confirmed, and no client to assist with discovery and testimony at trial; and (5) Best Texas was exposed to a judgment due to Romero's failure to cooperate in her defense by notifying Best Texas that a default judgment had been taken against her. Best Texas also asserted it was prejudiced because Martinez and Davilla, as third party beneficiaries, failed to satisfy their duty to cooperate by failing to forward notice of their default judgment against Romero until after it was final and non-appealable.

In their response to Best Texas's motion for summary judgment and in their brief on appeal, Martinez and Davilla argue that Best Texas was not prejudiced by Romero's failure to forward suit papers. They contend that because Best Texas had actual knowledge of the underlying suit, Best Texas was not prejudiced as a matter of law. However, Martinez and Davilla do not challenge the granting of summary judgment on the basis that Best Texas was prejudiced by Romero's failure to satisfy the condition precedent to cooperate in the investigation, defense and settlement of the claims against her.

The trial court did not specify the grounds on which it rendered summary judgment. It is possible that the trial court rendered summary judgment for appellees on the basis of Romero's failure to satisfy the condition precedent to cooperate in the investigation, defense and settlement of the claims against her. Therefore, because Martinez and Davilla do not challenge every possible ground for the trial court's summary judgment, we conclude the trial court did not err when it granted summary judgment in favor of Best Texas and State & County. *See Worldwide Asset*, 290 S.W.3d at 569.

## IV. SUMMARY JUDGMENT IN FAVOR OF ACCC CLAIMS SERVICE

In their motion for summary judgment, Best Texas, State & County, and ACCC Claims argued that ACCC Claims was entitled to summary judgment as a matter of law on ACCC Claims' affirmative defense that it was not a party to the policy made

the subject of the claims alleged by Martinez and Davilla. ACCC Claims asserted that even if Martinez and Davilla's claims against the insurer were supportable, ACCC Claims would not be liable for the contractual obligations to be performed by the insurer under the policy. Summary judgment evidence established that ACCC Claims was not an insurance carrier, did not issue the policy to Romero, and at all times, served as a claims servicing agent for Best Texas.

Martinez and Davilla do not claim error by the trial court in granting summary judgment in favor of ACCC Claims on this basis. Because Martinez and Davilla do not challenge every possible ground for the trial court's summary judgment in favor of ACCC Claims, we must conclude the trial court did not err when it granted summary judgment in favor of ACCC Claims. *See Worldwide Asset,* 290 S.W.3d at 569.

## V. NON–SUIT OF CLAIMS AGAINST ACCC INSURANCE COMPANY

In their brief on appeal, Martinez and Davilla list ACCC Insurance Company as an appellee. We are unable to determine what complaint Martinez and Davilla assert with respect to ACCC Insurance Company. According to the record, ACCC Insurance Company filed its first amended no evidence motion for summary judgment against Martinez and Davilla on May 29, 2009. Martinez and Davilla then filed a notice of non-suit of their claims against ACCC Insurance Company on June 12, 2009. The record does not contain an order granting the motion for non-suit. However, the trial court took judicial notice of the non-suit in its order granting summary judgment. Martinez and Davilla do not complain that the trial court erred in taking judicial notice. Nor do they complain that the trial court erred when it

entered its final judgment. The trial court signed a final judgment expressly denying all relief that was not expressly granted. The judgment further stated it disposed of all claims and all parties before the court. We conclude that no claims against ACCC Insurance Company were preserved for appeal. *See* Tex.R.App. P. 33.1.

## VI. CONCLUSION

The trial court did not err when it granted summary judgment in favor of Best Texas, State & County and ACCC Claims. The trial court's final judgment is affirmed.