**Affirmed and Opinion Filed February 2, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00513-CV

**PAULINE MARTINEZ, Appellant**
**V.**
**SEAHARBOR INSURANCE AGENCY, LLC, AND RED POINT COUNTY MUTUAL INSURANCE, Appellees**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-16927**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Partida-Kipness

Appellant Pauline Martinez appeals a final judgment in favor of Appellees SeaHarbor Insurance Agency, LLC (SeaHarbor) and Redpoint County Mutual Insurance (Redpoint) (together, Insurers). That final judgment extinguished Martinez's claims for coverage under an automobile policy issued by the Insurers. On appeal, Martinez contends the trial court erred in (1) disregarding a summary judgment granted in her favor, and (2) determining that a default judgment against the Insurers' policyholder barred Martinez's coverage claims. We affirm.

# BACKGROUND

This case arises from an automobile accident that occurred on July 14, 2020. Venrol Nettleford crashed his vehicle head-on into Martinez's vehicle. Martinez suffered bodily injuries and other damages. Martinez filed suit against Nettleford just six days later, on July 20, 2020. Nettleford was purportedly covered by an automobile insurance policy issued by SeaHarbor as an agent of Redpoint. On July 21, 2020, Martinez sent the Insurers notice of a potential claim, but did not reference the lawsuit filed the previous day. After their initial investigation, on July 27, 2020, the Insurers notified Nettleford they were rescinding and voiding the policy based on Nettleford's materially false statements in the insurance application regarding the ownership of the vehicle Nettleford was driving. That same day, the Insurers denied consideration of Martinez's claim, stating the policy was not in force on the date of loss. Martinez sent a *Stowers*[1] demand to the Insurers on August 4, 2020. The Insurers again told Martinez the policy was not in force on the date of loss.

After Nettleford failed to answer the suit, Martinez swiftly took a default judgment against him as to liability on August 19, 2020. On August 24, 2020, Martinez sent the Insurers notice of the suit against Nettleford and the August 19th default judgment. Martinez made another *Stowers* demand for the policy limits. The

---

[1] *See Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547–48 (Tex. Comm'n App.1929, holding approved). Under the *Stowers* doctrine, an insurer has a common-law duty to settle third-party claims against its insureds when it is reasonably prudent to do so. *In re Farmers Texas Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 267 (Tex. 2021).

Insurers denied the claim, again asserting no coverage based on Nettleford's misrepresentations. The trial court issued a final judgment in favor of Martinez against Nettleford on August 28, 2020. The court issued orders turning over to Martinez any claims Nettleford had against the Insurers.[2] Martinez then filed suit against the Insurers in the Dallas County 44th Judicial District Court.

On November 10, 2020, SeaHarbor filed a declaratory action against Nettleford in the Dallas County 162nd Judicial District Court. In an amended petition, the Insurers asserted the auto policy was void due to Nettleford's misrepresentations and that Nettleford violated the cooperation clause of the policy by failing to provide the Insurers notice of Martinez's suit or request a defense. The Insurers sought a declaration they had no duty to defend or indemnify Nettleford against Martinez's claims. Martinez intervened in that suit, and by agreed order her case against the Insurers was transferred into the declaratory action. Martinez moved for summary judgment against the Insurers. Martinez requested the trial court grant judgment on her *Stowers* claims and determine that the Insurers' misrepresentation and cooperation defenses failed.

Meanwhile, Nettleford failed to answer the Insurers' declaratory action against him. Martinez objected to SeaHarbor potentially taking a default judgment against Nettleford, arguing she was the real party in interest based on the turnover

---

[2] The trial court signed turnover orders for claims against SeaHarbor and Redpoint on October 5, 2020, and December 10, 2020, respectively.

orders she received in her earlier suit against Nettleford. The Insurers subsequently moved for a default judgment against Nettleford.

The Insurers also responded to Martinez's summary judgment motion. They asserted the policy was void due to Nettleford's misrepresentations, the Insurers have no liability due to Nettleford's failure to give notice of Martinez's suit, and no reasonable prudent insurer would accept Martinez's *Stowers* demand for a policy previously voided by the insurer.

The trial court signed a default judgment against Nettleford on April 1, 2021. The judgment made numerous declarations, including that the insurance policy was void due to Nettleford's misrepresentations regarding his ownership interest in the vehicle. The judgment also declared Nettleford's violation of the cooperation clause was a material breach of the policy and the Insurers were prejudiced by the lack of notice and failure to request a defense. Finally, the judgment stated the Insurers had no duty to defend or indemnify Nettleford. The trial court subsequently denied Martinez's motion for summary judgment.

The Insurers then moved for summary judgment. They argued their default judgment against Nettleford declared the policy void from its inception, foreclosing the Insurers' liability to Nettleford and Martinez. Martinez moved to vacate the default judgment against Nettleford and for rehearing of her own summary judgment motion. Martinez argued defects in the issuance and service of process on Nettleford

rendered the default judgment invalid.[3] Because of this, Martinez asserted, her motion for summary judgment should have been granted. Martinez also responded directly to the Insurers' summary judgment motion, again attacking the validity of the default judgment and asserting even if the judgment were valid, it did not bind Martinez.

On May 17, 2021, the trial court issued an order granting Martinez's motion to vacate. The order vacated the April 1, 2021 default judgment against Nettleford and granted Martinez's motion for summary judgment. The Insurers responded by moving to permit amended proof of service and to reinstate the default judgment. The Insurers attached an amended proof of service establishing strict compliance with the court's prior order of substituted service. On June 7, 2021, the trial court granted the Insurers' motion to amend and reinstated the April 1, 2021 default judgment taken against Nettleford by the Insurers. However, the next day the trial court issued an order denying the Insurers' motion for summary judgment.

The case was set for trial on March 9, 2023. According to the parties, the trial judge heard argument from the parties regarding the effect of the prior orders and judgments, but the record does not include a transcript from that hearing. On March 10, 2023, the trial court issued a "Final Judgment" stating:

> After considering the pleadings, motions, orders and judgments on file, the Court finds that there are no genuine issues of fact to be resolved by

---

[3] Martinez did not move to vacate the default judgment on the ground she was the real party in interest, rather than Nettleford.

–5–

a jury and that this matter may be resolved as a matter of law. IT IS THEREFORE ORDERED that the intervening plaintiff Martinez take nothing from the intervening defendants SeaHarbor and Redpoint. . . . This order constitutes a final order disposing of all claims and all parties and is appealable. Any relief not granted herein is hereby denied.

Martinez's subsequent motion to vacate the final judgment was overruled by operation of law, and this appeal followed.

## STANDARD OF REVIEW

Because the trial court's final judgment recites "there are no genuine issues of fact" and "this matter may be resolved as a matter of law," we treat the appeal as one from cross-motions for summary judgment.

We review the grant of summary judgment de novo. *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 607 (Tex. 2013). In a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists, and it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In such a situation, we render the judgment the trial court should have rendered. *Id.*

Because the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Knott*, 128 S.W.3d at 216.

## ANALYSIS

We read Martinez's brief as asserting two issues: (1) the trial court erred in disregarding the prior summary judgment in favor of Martinez, and (2) the trial court erred in determining the default judgment taken against Nettleford by the Insurers barred Martinez's claims. We address each issue in turn.

## I.     Final Judgment Impliedly Replaced Prior Summary Judgment

In her first issue, Martinez contends the trial court was bound by its prior summary judgment in favor of Martinez and therefore erred in granting a final judgment in favor of the Insurers. We disagree.

A judgment rendered without a conventional trial on the merits is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021). A summary judgment that does not dispose of all the parties or issues is interlocutory. *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex. 1984). A trial court has the inherent right to change or modify any interlocutory order or judgment until

the judgment on the merits of the case becomes final. *Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 504 (Tex. App.—Dallas 2014, no pet.).

Relatedly, a final judgment inconsistent with a prior judgment impliedly and necessarily vacates the prior judgment, even though the final judgment does not reference the prior judgment or expressly state an intention to vacate it. *Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 924 (Tex. 2011) (final judgment impliedly and necessarily replaced interlocutory judgment, which merged into judgment); *Deep Water Slender Wells, Ltd. v. Shell Intern. Expl. & Prod., Inc.*, 234 S.W.3d 679, 695–96 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (trial court necessarily vacated its prior summary judgment order by signing inconsistent order dismissing all claims based on forum-selection clause); *see also In re Guardianship of Miller III*, 299 S.W.3d 179, 184 (Tex. App.—Dallas 2009, no pet.) ("Once the trial court disposes of all parties and claims, the trial court's preceding interlocutory judgments or orders are merged into the final judgment whether or not the interlocutory judgments or orders are specifically named within the final judgment.").

Here, Martinez argues the trial court was bound by the prior summary judgment in her favor. Martinez's summary judgment motion requested judgment: (1) in her favor on her *Stowers* claims against the Insurers, (2) against the Insurers on their defenses of fraudulent misrepresentation and failure to cooperate, and (3) against the Insurers' action in voiding Nettleford's policy. However, Martinez's live pleading requested additional relief, including attorney's fees and costs. The trial

court's May 17, 2021 order stated Martinez's motion for summary judgment "is herewith granted in all respects." However, it did not address Martinez's attorney's fees or other requested relief. The June 8, 2021 order denying the Insurers' motion for summary judgment also did not dispose of those claims. Accordingly, the order granting Martinez's motion for summary judgment was interlocutory and subject to modification. *See Flagstar Bank*, 451 S.W.3d at 504.

The trial court's March 10, 2023 final judgment declared that Martinez take nothing from the Insurers and each party should bear their own attorney's fees and costs. The judgment further stated it was final, disposed of all claims and parties, and "any relief not granted herein is hereby denied." The judgment did not reference the prior summary judgment in Martinez's favor, but necessarily and impliedly reversed or vacated that prior interlocutory ruling. *Roccaforte*, 341 S.W.3d at 924; *Deep Water Slender Wells*, 234 S.W.3d at 695–96. The trial court was not bound by its prior summary judgment in Martinez's favor. *See Flagstar Bank*, 451 S.W.3d at 504.[4] We overrule Martinez's first issue.

## II.    Martinez Is Bound by the Default Judgment Against Nettleford

In her second issue, Martinez contends the trial court erred in determining the Insurers' default judgment against Nettleford barred Martinez's claims. We disagree.

---

[4]    In her brief, Martinez asserts the trial court stated the May 17, 2021 summary judgment in her favor would stay in effect. However, Martinez does not direct this Court to anything in the record or the final judgment indicating such an intent by the trial court.

Once a default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition, including those establishing liability, are deemed admitted except for the amount of damages. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012).

The facts in this case resemble those in *American National County Mutual Insurance Company v. Medina*, No. 05-16-01062-CV, 2018 WL 4037357 (Tex. App.—Dallas Aug. 22, 2018, no pet.) (mem. op.). There, Medina was injured when he was struck by a truck listed as a covered vehicle on an American National County Mutual Insurance Company (ANPAC) policy. *Id.* at *1. Questions arose as to ownership of the truck and the driver's cooperation with the investigation. *Id.* ANPAC denied coverage on Medina's claim, and Medina subsequently obtained a default judgment against the driver. *Id.* After the driver assigned her claims to Medina, Medina sued ANPAC. *Id.* A jury made findings in favor of both Medina and ANPAC. *Id.* As to ANPAC, the jury found the driver failed to cooperate with its investigation, settlement, or defense of the underlying suit and that such failure prejudiced ANPAC. *Id.* The trial court ignored these findings and rendered judgment on the jury's findings in Medina's favor on his contractual and extra-contractual claims. *Id.* On appeal, ANPAC argued the jury's findings on the driver's failure to cooperate and resultant prejudice against ANPAC mandated that coverage did not exist under the policy. *Id.* at *2. We agreed and reversed the trial court's judgment.

We began with the fundamental rule that an insurer's obligation depends upon proof that all conditions precedent have been performed. *Id.* (citing *Martinez v. ACCC Ins. Co.*, 343 S.W.3d 924, 929 (Tex. App.—Dallas 2011, no pet.)). But a lack of cooperation will not operate to discharge the insured's obligations under the policy unless the insurer is prejudiced. *Id.* If an insurer is actually prejudiced or deprived of a valid defense by the insured's failure to cooperate, the insurer's obligations under the policy are discharged. *Id.* We concluded the jury's findings that the driver failed to cooperate prejudiced ANPAC and discharged its obligations under the policy. *Id.* at *4.

Here, similar issues arose as to Nettleford's ownership of the vehicle in question and Nettleford's cooperation with the Insurers' investigation. The Insurers' default judgment against Nettleford declared Nettleford's representation to the Insurers that he owned the covered vehicle was a material misrepresentation. This misrepresentation was relied upon by the Insurers, rendering the policy void from its inception. The judgment also declared Nettleford violated the cooperation clause, a condition precedent to coverage, and that the Insurers were prejudiced by the lack of notice and lack of request for a defense. As in *Medina*, the legal effect of these findings was to discharge the Insurers' obligations under the policy. Accordingly,

the Insurers were entitled to judgment that Martinez take nothing in her claims against them.[5]

Martinez contends *Medina* is inapplicable because it involved a jury trial, and therefore, the Insurers' default judgment against Nettleford does not bind her. Martinez essentially argues a default judgment is accorded less weight than a judgment following a jury trial. However, Martinez has not cited any basis in law for this contention. And, as an assignee or third-party beneficiary of Nettleford, Martinez is subject to any defenses that the Insurers have against Nettleford.

An assignee steps into the shoes of the assignor and takes the assigned rights subject to all defenses that an opposing party might be able to assert against the assignor. *Equitable Recovery, L.P. v. Heath Ins. Brokers of Texas, L.P.*, 235 S.W.3d 376, 385 (Tex. App.—Dallas 2007, pet. dism'd); *Burns v. Bishop*, 48 S.W.3d 459, 466 (Tex. App.—Houston [14th Dist.] 2001, no pet.). A third-party beneficiary

---

[5] The record also suggests the Insurers were prejudiced as a matter of law. To recover on the insurance policy as a third-party beneficiary, Martinez had to first show that Nettleford, the insured, complied with the conditions precedent and terms of the policy. *State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38, 40 (Tex. 1998). Nettleford's policy required Nettleford give notice of the accident or loss, promptly send the insurer any notices or legal papers connected with the loss, and cooperate in the investigation, settlement, or defense of any claim or suit. Compliance with the notice of suit provision is a "condition precedent to the insurer's liability on the policy." *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173–74 (Tex. 1995). The record does not reflect Martinez submitted evidence showing Nettleford notified the Insurers of the claim, forwarded legal papers, or requested a defense. The Insurers asserted Nettleford failed to take any of these steps. Ultimately, Nettleford failed to answer Martinez's lawsuit after being properly served, and Martinez took a default judgment against him. Under such circumstances, an insurer is prejudiced as a matter of law. *United Auto. Ins. Servs. v. Rhymes*, No. 05-16-01125-CV, 2018 WL 2077561, at *6 (Tex. App.—Dallas May 4, 2018, no pet.) (mem. op.); *Lewis v. ACCC Ins. Co.*, No. 14-19-00197-CV, 2020 WL 4461338, at *6 (Tex. App.—Houston [14th] Aug. 4, 2020, no pet.) (mem. op.); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Crocker*, 246 S.W.3d 603, 609 (Tex. 2008).

judgment creditor of the insured steps into the shoes of the insured. *State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38, 40 (Tex. 1998). Martinez is an assignee or third-party beneficiary of Nettleford's claims. Martinez's claims against the Insurers are wholly derivative. She is subject to all defenses the Insurers could assert against Nettleford, whether procedural or substantive. *See id.* The Insurers' default judgment against Nettleford established the Insurers' defenses regarding Nettleford's misrepresentation and failure of cooperation. Accordingly, Martinez is subject to those defenses.

Furthermore, equitable considerations militate against Martinez's argument. Martinez was the beneficiary of her default judgment against Nettleford, which: (1) established Nettleford's liability without a defense, (2) allowed Martinez to acquire orders turning over Nettleford's rights related to the policy and pursue direct claims against the Insurers, and (3) provided Martinez a basis for asserting her *Stowers* claims against the Insurers. It would be incongruent and inequitable to allow Martinez to benefit from her default judgment against Nettleford—which provided a basis for Martinez's claims against the Insurers—while denying the Insurers the benefit of their default judgment against Nettleford—which provided the Insurers with defenses to those claims. We overrule Martinez's second issue.

## CONCLUSION

The trial court did not err by impliedly vacating the interlocutory summary judgment in favor of Martinez. And, Martinez was bound by the default judgment

against Nettleford, which established the Insurers' defenses to Martinez's claims. Therefore, the trial court did not err in ruling Martinez take nothing from the Insurers. Accordingly, we affirm the judgment of the trial court.


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

230513F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PAULINE MARTINEZ, Appellant

No. 05-23-00513-CV          V.

SEAHARBOR INSURANCE
AGENCY, LLC, AND  RED POINT
COUNTY MUTUAL INSURANCE,
Appellees

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-16927.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees SEAHARBOR INSURANCE AGENCY, LLC, AND  RED POINT COUNTY MUTUAL INSURANCE recover their costs of this appeal from appellant PAULINE MARTINEZ.

Judgment entered this 2nd day of February, 2024.